## James Collins et al. v. Colorado Ferguson et al.

Decided February 16, 1900.

**1. Foreclosure of Tax Lien on Homestead—Wife Not Necessary Party.**

An action to foreclose a tax lien on a homestead may be brought against the husband alone, as the wife is not a necessary party defendant thereto. City of San Antonio v. Berry, 92 Texas, 319, followed and criticised.

**2. Same—Continuance to Make Parties.**

Where a city foreclosed by suit its tax lien on certain land owned by C., and the land was purchased at the foreclosure sale by B., who conveyed it to F., and an action of trespas to try title was brought by F. against C. for the land in which C. sought to have the sale avoided for irregularities, it was not error for the court to refuse C.'s application for a continuance in order to make the city and B. parties therein, where his application therefor did not allege that he was not served with notice of the sale.

**3. Judicial Sale—Inadequacy of Price.**

Where property whose value is alleged at $500 was sold under foreclosure of a tax lien for a price of $50.54, the inadequacy of the price was not in itself a sufficient ground for avoiding the sale in a suit of trespass to try title brought by the purchaser for the property.

**4. Foreclosure of Tax Lien—Redemption Within Two Years.**

The constitutional and statutory provisions allowing the owner of land sold for taxes the privilege of redemption within two years apply to summary sales for taxes, but not to sales under a decree of court foreclosing a lien for the taxes, unless the right of redemption is specifically given in the law by virtue of which such suit is brought.

**5. Trespass to Try Title—Common Source.**

Where the evidence in trespass to try title shows a common source of title, plaintiff is not required to show title back of such source.

Error from Harris. Tried below before Hon. William H. Wilson.

*E. P. Hamblen,* for plaintiffs in error.

*Howard & Howard,* for defendants in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by defendants in error against the plaintiffs in error in the District Court of Harris County. Suit was filed on the 22d day of July, 1899, and at appearance term of the court plaintiffs in error, who are husband and wife, and have been since 1884, filed their answer, setting up that the premises in controversy was their homestead, and had been used and occupied by them as such for more than ten years, "and during all of said time the lot sued for was and is their homestead, and was during all of said time occupied by them as such, and that they had no other property; that the city of Houston, claiming that taxes were due on said property, filed suit therefor against James Collins, the husband, in the District Court of Harris County, about May, 1897, and on July 9, 1897, took judgment against James Collins for the sum of $34.98, foreclosing the lien on said lot, and ordering the same sold; that on December 7, 1897, said lot was sold under said order of sale to J. M. Blair, a resident of Harris County, for $50.54; that said sale was illegal and void, because Sallie Collins, the wife, was not made party thereto, and because no notice of said sale was served on either of said appellants, and neither of them had any knowledge, actual or constructive, that said property would be sold; that said Blair, knowing these facts, and that appellants, on account of said irregularities, would not be bound thereby, colluded with appellees and transferred said property to them in order that they might pose as innocent purchasers, and defeat appellants' rights to have said sale set aside. That if the irregularities aforesaid did not render said sale void, they were of such nature as to deter bidders, and did deter bidders and prevent a fair sale, and thereby said Blair purchased said property for the inadequate sum of $50.54, when the property was reasonably worth $500; and they tendered into court the amount so paid by Blair, and, submitting themselves to the court, proffered to pay any further sum to cover expenses, interest, or costs, that the court might think proper. Appellants further set forth that two years had not expired since said sale, and that they had the right, under the Constitution of the State, to redeem said property from said tax sale, and tendered into court double the amount so paid by Blair, together with such further sums as the court might deem right and proper; and they set forth that the city of Houston and J. M. Blair were necessary parties, and prayed that they be cited, and that, upon trial, they have judgment setting aside said sale, on the grounds of the irregularities complained of, or in the alternative that they be permitted to redeem said property, and for general and special relief."

When the cause was called for trial, plaintiffs in error made application for a continuance in order that the city of Houston and J. M. Blair might be made parties, said application being in due form and being based

upon the facts alleged in their answer. This application was overruled by the court, to which ruling plaintiffs in error reserved proper bill of exceptions. The case was tried on September 28, 1899, and judgment rendered for defendants in error for the premises sued for, from which judgment this writ of error is prosecuted.

We think the consideration of the various assignments of error in detail unnecessary. In our opinion the court did not err in overruling the application for a continuance. However reluctantly we may assent to the soundness of the decisions, the Supreme Court of this State has announced the rule, that in suits affecting the homestead the wife is only a necessary or proper party where the plea of homestead would in itself be a defense to the suit, and therefore in a suit to foreclose a tax lien against a homestead, the wife is not a necessary party. Jergens v. Schiele, 61 Texas, 258; City of San Antonio v. Berry, 92 Texas, 319.

It occurs to the writer that these decisions can not be reconciled with the well established doctrine that the homestead estate is an estate in entirety and is inseverable and indivisible, when once the homestead rights have attached in an unqualified and indefeasible manner. There might be valid defense to a suit for foreclosure of a tax lien upon a homestead which the husband failed to set up, or, as in the case before us, the wife might be anxious and able to redeem the land from the tax lien, and to bind her in a suit of which she had no knowledge, by the failure of her husband to make such defenses or to redeem the land by payment of the taxes, is to render her insecure and unprotected against the fraud or negligence of her husband in the homestead rights guaranteed and assured her by the Constitution and statutes of this State.

We do not think, however, this question affects the ruling of the trial court on the motion for a continuance, because if Sallie Collins was a necessary party to the foreclosure suit, the judgment in said suit was void, and it was not necessary to have the city of Houston and the purchaser under said judgment made parties to this suit in order to defeat plaintiffs' title. As to the grounds alleged in the answer for the avoidance of the sheriff's deed, the great preponderance of evidence shows that notice of sale was served upon James Collins as required by law, and if the application prima facie entitled plaintiffs in error to a continuance because of the allegation that no such notice was served, the evidence in the case shows that no injury was done them by the overruling of said application.

The alleged inadequacy of the price is insufficient in itself to warrant the avoidance of the sale.

The third assignment of error complains of the refusal of the court to allow plaintiffs in error to redeem the property upon payment of double the amount for which same was sold under said foreclosure proceedings, they having tendered such amount into court, together with interest and costs and such other sums as the court might deem necessary.

The title under which defendants in error claim and recovered said premises originated under said foreclosure sale, and it would seem that under the Constitution plaintiffs in error had the right to redeem the

property at any time within two years from the date of said foreclosure sale by payment of double the amount paid for same by the purchaser at such sale. Const., art. 8, sec. 13. But our Supreme Court, in the case of City of San Antonio v. Berry, supra, holds that said provision of the Constitution giving the right of redemption applies only to summary sales for taxes as heretofore provided by law. It does not seem to us that the right of redemption given in the provision of the Constitution quoted above is in any way dependent upon the character of the proceedings under which the sale is made, but it is a right guaranteed the owner of the property whenever his lands are sold for taxes. This construction of the Constitution is the one adopted by the Legislature, for in the act passed in 1897 authorizing suits for delinquent taxes and the foreclosure of the tax lien and sale of the property thereunder, it is provided that the owner of the property may redeem the same at any time within two years after the date of such sale by payment of double the amount paid by the purchaser at said sale. Chap. 103, sec. 14, p. 138, Laws 25th Leg. So, the act amending the charter of the city of Houston, passed by the Twenty-sixth Legislature, also contains the two years redemption feature. The charter of the city of Houston under which the foreclosure suit was brought, and which was in effect at the time the land involved in this suit was sold, contains no redemption provision; and following the case of the City of San Antonio v. Berry, we must hold that the trial court did not err in refusing to allow plaintiffs in error to redeem the land. We think the pleadings and evidence in this case conclusively show that both plaintiffs and defendants claim title to the land in controversy through James Collins, and plaintiffs in the court below were not required to show title back of said Collins. We find no error in the judgment of the lower court authorizing its reversal, and the same is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In the opinion rendered in this case on the 10th day of February, 1900, we held that the trial court did not err in overruling the motion for a continuance in order to make the necessary parties to entitle plaintiffs in error to have the sale of the land set aside on the ground that no notice of such sale had been served upon plaintiff in error, James Collins, "because the great preponderance of the evidence shows that notice of sale was served upon James Collins as required by law, and if the application prima facie entitled plaintiffs in error to a continuance because of the allegation that no such notice was served, the evidence shows that no injury was done them by the overruling of said application." We think the reason upon which this holding is based is not sound, because the necessary parties not being before the court the irregularity of the sale was not an issue in the case, and plaintiffs in error would not have been allowed to prove want of notice, and their failure to do so or to contradict the testimony of defendants in error on this point, makes it uncertain

what would have been the evidence had the issue been properly in the case. However, upon further examination of the record we find that the affidavit for a continuance made by James Collins does not allege that he was not served with notice of the sale, and for this reason the motion was properly overruled. We think it is sufficiently clear from the evidence that Sallie Collins claims title to the land through James Collins. She and James Collins both testify that the land was bought after their marriage, and in her answer the only claim set up to the land is her homestead right in same as the wife of James Collins. Such being the evidence in the case we do not think it was required of defendants in error to show title to the land in James Collins. Upon the other points raised by the motion for rehearing we adhere to the views expressed in our former opinion, and said motion is accordingly overruled.

*Overruled.*

Writ of error refused.