WALTER P. BREATH ET AL. v. LOTTIE FLOWERS ET AL.

Decided June 23, 1906.

**Suit Involving Homestead—Wife a Necessary Party, When.**

Unless it appears in a suit for land occupied as a homestead, that the homestead character of the property would have afforded a defense to the suit, it is not necessary that the wife should be made a party in order that her right and title be divested by the judgment.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*Lanier & Martin, Taliaferro, Nall & Dies* and *Clay S. Briggs,* for appellants.—A judgment against the husband alone, touching community property, is conclusive as to the title to the property upon both husband and wife. Nor is the wife a necessary party to any suit in which the homestead is not available as a defense, merely on account of the fact that the family home is established on the property, unless she has a defense growing out of her homestead rights, which would defeat the action, in which event she is a necessary party.

Under the court's findings of fact, the appellants' right of action as owners of the title to the land existed in them and in those from whom

they deraign title when the appellees first entered upon this land as trespassers; such being the case, their title was not subject or subservient to appellees' homestead rights. Appellees' limitation title was as available to the appellee E. B. Flowers in the former suits against him as it would have been had his wife been joined as a defendant in said suits.

Their homestead rights would not have been a defense to such suits, and could not have defeated plaintiffs' action. Jergens v. Schiele, 61 Texas, 256; City of San Antonio v. Berry, 92 Texas, 327; Central Coal & Coke Co. v. Henry, 47 S. W. Rep., 281; Collins v. Ferguson, 22 Texas Civ. App., 554.

In the absence of pleading and proof of fraud and collusion a title to land belonging to the community estate, occupied as a homestead, can be attacked and divested by a suit against the husband without making the wife a party to the suit, where the question of homestead is not involved or available as a defense.

No briefs for appellees.

REESE, ASSOCIATE JUSTICE.—Lottie Flowers and her husband, E. B. Flowers, brought this suit in trespass to try title against Walter P. Breath and others to enjoin the execution of a writ of possession issued upon a judgment of the District Court of Hardin County in cause No. 974, wherein the defendants, W. P. Breath and others, were plaintiffs and E. B. Flowers and others were defendants, and also for the title and possession of 160 acres of land out of the James Scott league. Defendants in the suit, among other defenses, pleaded that the matters and things involved were *res judicata*. The case was tried without a jury, and judgment rendered for plaintiffs Lottie Flowers and E. B. Flowers, and defendants appeal.

The trial court filed conclusions of fact and law. The finding of fact are not assailed by the assignments of error and are as follows, omitting immaterial matters:

"That the paper and record title to the James Scott league of land in Hardin County, Texas, is in the defendants, Walter P. Breath, Carrie Louise Breath Mel, wife of Jon Mel, and John H. Kirby, defendants herein, and was in them and those from whom they deraign title at the time plaintiffs went into possession.

"That on the — day of ———, 1900, Walter P. Breath and W. F. Breath, in his capacity as guardian of the estate of Carrie Louise Breath, a minor, instituted a suit of trespass to try title in the District Court of Hardin County, Texas, No. 725, styled Walter P. Breath et al. v. Carl Anderson et al., and in said cause, on the 3d day of April 1901, obtained a judgment against all the defendants therein, viz.: Carl Anderson, Ashton R. Spence, I. Lovenberg, M. Ucanich, Frank Daffarari, J. E. Votaw and Ervin Flowers (one of the plaintiffs herein), for the whole of the said James Scott league of land, the judgment against E. B. Flowers being a judgment by default; no appeal was taken from said judgment.

"That on the 11th day of July, 1903, defendants herein filed another suit of trespass to try title, styled Walter P. Breath et al. v. E. B.

Flowers et al., involving the whole of said Scott league, No. 974, in District Court of Hardin County, Texas, and on the 3d day of September, 1903, judgment by default was taken against a number of the defendants and against others on their disclaimers, and the case was continued as to the defendants E. B. Flowers and Isaac Flowers, and some of the other defendants named therein.

"That at the April term of said court E. B. Flowers filed his answer in said cause, and by cross-bill set up his plea of ten years' limitation, to which plaintiffs in that suit excepted, pleading in bar of said cross-action the judgment rendered in cause No. 725 on the 3d day of April, 1901, which exception was by the court sustained, and, on the 4th day of October, 1904, judgment was rendered against all the defendants to that suit, including the said E. B. Flowers, for the whole of said James Scott league, and no appeal was taken from said judgment by any of the defendants.

"On the — day of March, 1905, a writ of possession was issued under the last named judgment against the said E. B. Flowers, and placed in the hands of L. G. Roberts as sheriff of Hardin County, for execution. An injunction was granted on the 20th day of March, 1905, by the Honorable L. B. Hightower, judge of the Sixtieth Judicial District of Texas, on the petition of plaintiffs Lottie Flowers and her husband E. B. Flowers, restraining the said sheriff from executing said writ of possession, and against the other defendants, restraining them from in any way attempting to enforce either of said judgments.

"That no writ of possession ever issued under the judgment in cause No. 725. That the only writ of possession issued under the judgment in cause No. 974 is the one, the execution of which was enjoined as above stated.

"That the said Lottie Flowers and her husband, E. B. Flowers, had resided on said James Scott league of land for more than twenty years prior to the institution of said first suit, No. 725 (in which said suit judgment by default was rendered against the said E. B. Flowers on the 3d day of April, 1901) claiming 160 acres of the same, making valuable improvements thereon, occupying, cultivating, using and enjoying the same adverse to the defendant and all others. That during the whole of said period said premises were occupied and claimed by the said Flowers and wife as their homestead and they do so now occupy the same, and that they had no other home.

"That said Lottie Flowers and E. B. Flowers were married at the time they so entered upon said land, and have continuously resided together on the premises so entered from the date of such entry to the present.

"That the said Lottie Flowers was not a party to either of said suits, or to the said writ of possession under said last named judgment."

From these findings of fact the court concluded, as matter of law, that appellees had established title by limitation to the land sued for, and found further that, "The title having been perfected and the land occupied and used in the manner required by law to constitute it the homestead of plaintiffs, and the investiture of the homestead rights being complete in the wife before the institution of the suit, she was a necessary party. The judgments in these two cases, Nos. 725 and 974,

being against the husband alone, are inoperative, and did not divest the title to such homestead, and the wife can not be disturbed in her possession of the homestead by writs of possession issued under such judgments." No fraud or collusion between E. B. Flowers and appellants was either alleged or proven in the rendition of either of the two judgments referred to in the court's findings, nor is it alleged or proven that there was any defense which could have been made to the suits in which the judgments were rendered, growing out of the homestead character of the property. The court finds in this suit that appellees had title by limitation at the time of the institution of the suits against E. B. Flowers, and it results from such findings that if such defense had been properly urged it would have defeated the suits.

Clearly, the fact that the land in controversy was the community homestead of appellees would have been no defense to the suit in which the judgments were rendered. From the fact that it was community property there resulted no necessity to make the wife a party to the suit in order to render the judgment therein binding upon her, and an effectual bar to her rights. Her rights in the land arising from the fact that it was the homestead of herself and husband are altogether different, and if it appeared that, growing out of the fact that the property was the homestead, any defense could have been made to the suits, and the wife was not a party, then neither as against her husband nor herself would the judgment operate to divest the title to the land, and this would be true even if such defense had been actually made by the husband and overruled. Unless it appears, however, in a case like the present, that the homestead character of the property would have afforded a defense to the suit, it is not necessary that the wife should have been made a party in order that her right and title should be divested by the judgment. That this has the effect of divesting the title of the wife to her homestead without her consent and possibly without her knowledge is true, but the question must be regarded as so far settled in this State as to be binding upon this court. (Jergens v. Schiele, 61 Texas, 256; San Antonio v. Berry, 92 Texas, 327; Central Coal & Coke Co. v. Henry, 47 S. W. Rep., 281; Collins v. Ferguson, 22 Texas Civ. App., 554; Brown v. Humphrey, 15 Texas Ct. Rep., 742.)

The case appears to have been fully developed upon the trial. Upon the undisputed facts judgment should have been rendered for appellants. The judgment of the trial court is therefore reversed and judgment here rendered for appellants.

*Reversed and rendered.*