CHILDRESS v. ROBINSON et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 11, 1913. Rehearing Denied Dec. 4, 1913.)

1. COURTS (§ 85*)—ASSIGNMENTS OF ERROR—STATUTE.

Rev. Civ. St. 1911, art. 1612, providing that an assignment of error shall be sufficient which directs the attention of the court to the error complained of, while abrogating Court Rule 25 (142 S. W. xii), requiring the assignment of error to refer to that portion of the motion for new trial in which the error is complained of, does not affect Rules 30 and 31 (142 S. W. xiii), requiring each point in the assignment to be stated as a proposition, unless the assignment itself sufficiently discloses the point, with a brief statement of the substance of the proceedings complained of under each proposition.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 294, 296–301; Dec. Dig. § 85.*]

2. APPEAL AND ERROR (§ 742*)—COURT RULES—EFFECT.

Under Sayles' Ann. Civ. St. 1897, art. 947, authorizing the Supreme Court to make and enforce rules, court rules adopted by that tribunal have the force and effect of statutes.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 748*)—ASSIGNMENTS OF ERROR—CONSIDERATION.

Where an appellant's assignments of error are not prepared in compliance with the court rules, the court may, either on the motion of the appellee or on its own motion, refuse to consider them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

4. APPEAL AND ERROR (§ 766*)—BRIEFS—PRINTED ARGUMENT.

The printed argument cannot be looked to to supply vital defects in the brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3101, 3126; Dec. Dig. § 766.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS—SUFFICIENCY.

An assignment of error, which merely refers to the bill of exceptions, wherein the proceedings complained of were set out, cannot be considered, not being followed by a sufficient statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. PLEADING (§ 403*)—SUFFICIENCY—CURE OF PLEADINGS.

The defects in the pleadings of one party may be cured by averments in the pleadings of the other.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

7. PLEADING (§ 403*)—ANSWER—SUFFICIENCY.

The failure of defendant's answer to show that plaintiff, the wife of the possessor of land, against whom a judgment had been recovered, was a party to that action, so as to be bound thereby, is cured where plaintiff's petition showed that the property was the community estate of herself and her husband.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

8. JUDGMENT (§ 693*) — CONCLUSIVENESS — MATTERS CONCLUDED.

Where defendants in a previous action of trespass to try title recovered a judgment against plaintiff's husband, the then owner of the land, that judgment is conclusive as to the question whether the land constituted plaintiff's homestead.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

9. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR.

An assignment of error, reciting that the court erred in overruling the general demurrer of the plaintiffs, contained in their first supplemental petition, to the answer of defendants as appears by the bill of exceptions, cannot be considered as a proposition, and so need not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

10. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error, which do not show the objection made below, but leave it to the appellate court to go to the record and dig it out of the bill of exceptions, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

11. TRESPASS TO TRY TITLE (§ 6*) — ADMISSIBILITY—RELEVANCY.

In an action to enjoin the enforcement of a judgment upon land which plaintiff claimed was her individual estate, a deed in favor of plaintiff not executed until after the institution of the injunction suit, and not referred to in the pleadings, is inadmissible.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig. § 6.*]

12. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error, complaining of the exclusion of evidence, which do not show the objection made below and are followed by no proposition or statement except to see the bill of exceptions, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

13. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error complaining of the exclusion of evidence, followed by a proposition

which merely stated the purpose for which it was offered, cannot be considered; the proposition not being sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

14. APPEAL AND ERROR (§. 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error followed by neither propositions nor statements cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

15. TRESPASS TO TRY TITLE (§ 38*)—ACTIONS —BURDEN OF PROOF.

In trespass to try title, plaintiff must establish prima facie his title and right to recover, before the defendant is required to make any defense.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

16. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—JUDGMENTS.

In trespass to try title to community property, it is not necessary to make the defendant's wife a party, even though the land be used as their homestead, and, if the wife denies the binding effect of the judgment, she must plead and prove a defense to the suit in which it was rendered, growing out of the homestead character of the property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 968–971, 973–984, 988; Dec. Dig. § 270.*]

17. FRAUDS, STATUTE OF (§ 63*)—CONVEYANCES—VERBAL GIFTS.

A verbal gift of land by a husband to his wife is wholly void, being within the statute of frauds, where it appeared that the land was not purchased with the wife's separate means.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 97–104; Dec. Dig. § 63.*]

18. DEEDS (§ 8*) — ESSENTIALS — TITLE OF GRANTOR.

Where plaintiff by an action of trespass to try title sought to prevent the enforcement of a judgment which defendants had recovered quieting their title to land formerly claimed by her husband, a deed executed by the husband after the adverse judgment is of no force, even though he called it a confirmatory deed of a prior verbal gift; the verbal gift itself being wholly void, and the deed being void because made at a time when the husband had no title.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 13–18, 408–412; Dec. Dig. § 8.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Callie Childress against J. F. Robinson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Dowell & Dowell, of Houston, for appellant. Sam, Bradley & Fogle, of Houston, for appellees.

REESE, J. Callie Childress and her husband, G. D. Childress, instituted this action in the district court, against J. F. Robinson, joining in the action A. R. Anderson, sheriff of Harris county. Plaintiffs seek, under the ordinary allegations of an action of trespass to try title, to recover of defendant Robinson the title and possession of an undivided three-fourths of a certain tract of land, described in the petition, alleging that the plaintiff Callie Childress is the owner in fee simple thereof in her separate right as her separate estate, and was such owner on January 1, 1905. Petitioners further allege that the said Callie Childress has ever since the date aforesaid been the owner of said property as her separate estate; that on and ever since said date petitioners have been actually residing upon and occupying said property and claiming the same as their family homestead, with the dwelling house, fields, garden, and other improvements thereon; and that the said land is of the value of $2,000, and the rental value thereof is $8 per month. It is further alleged, in substance, that there has been placed in the hands of the defendant A. R. Anderson, as sheriff of Harris county, a certain writ of possession issued out of the district court of Harris county in and for the Eleventh district, in cause No. 43,570, wherein the said J. F. Robinson is plaintiff and the said G. D. Childress and others are defendants, of date July 1, 1911, commanding the said sheriff to place the said plaintiff Robinson in possession of the property above described; that the land embraced in said writ embraces the homestead of the said Callie Childress and her separate property as above described, and, unless said Anderson is restrained therefrom, he will at once dispossess plaintiff G. D. Childress and his family therefrom, to their great damage, wrong, and injury. It is further alleged that the said Callie Childress was not a party to said suit No. 43,570, and is in no way bound by said judgment, and was actually residing on said property as her separate property and homestead; that she is not named in said writ; and that there was no issue made in said suit of her homestead and separate property rights as herein set forth. Plaintiffs pray for the issuance of a writ of injunction restraining defendants from seeking to enforce said writ of possession.

Defendants answered by general demurrer and general denial and plea of not guilty, and by numerous special exceptions. They also pleaded that the matters and things in controversy had been adjudicated in cause No. 43,570 referred to in plaintiff's petition and pleaded the said judgment in bar of this action. Defendant Robinson also set up his title by cross-action and prayed for judgment, alleging that on, to wit, February 17, 1910, he recovered a judgment against G. D. Childress and others for the title and possession of said land; that plaintiff Callie Childress was, at the time of the rendition of said judgment, and is now, the wife of G. D. Childress; that upon appeal said judgment was affirmed and is now final and is an adjudication against plaintiffs of all matters set up in the petition; but that the plaintiffs are still in possession of said property and asserting claim thereto, which is a

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

cloud upon defendant's title. By supplemental petition plaintiffs set up various exceptions, general and special, to the foregoing answer, and, by way of answer, repeated the allegations as to the homestead and separate property rights of the plaintiff, Callie Childress. The judgment does not state that any action was had upon the exceptions, general or special, of either party. The case was tried with the assistance of a jury, which, upon instruction of the court to return a verdict for defendant, so found. Upon the verdict judgment was rendered for defendant that plaintiffs take nothing and that defendant Robinson recover the land. From the judgment, their motion for a new trial having been overruled, plaintiffs prosecute this appeal.

The undisputed evidence presents the following state of facts: G. D. Childress and his wife, Callie, were married in 1890. In 1905 they bought, by verbal sale of D. A. Reynolds, the tract of land in controversy. They at once began to improve it for a home, and as soon as it was ready for occupancy they moved on it, and have continued to so occupy it as their homestead (except when it was temporarily occupied by tenants, but still claimed as their homestead) to the present time. Reynolds had been in possession of the land for several years before he sold to Childress. Plaintiffs introduced in evidence original grant of the John Austin two leagues, of which the land in controversy is a part, dated 1828; also, special warranty deed from D. A. Reynolds to G. D. Childress of the land in controversy, dated November 9, 1909. Reynolds testified that he had been occupying the land adversely about three years before plaintiffs came to live on it, which was in 1904 or 1905. Mrs. Childress testified that at the date of the institution of the suit No. 43,570 of Robinson v. Childress et al., which date she fixes at August 27, 1907, Reynolds had lived on the land two or three years. Reynolds, testifying for plaintiffs, stated that when he sold the land to G. D. Childress it was his understanding that it was community property of him and his wife. There was introduced in evidence by plaintiffs copy of the judgment in cause No. 43,570 in the Eleventh district court of Harris county, entitled J. F. Robinson v. T. B. Mitchell et al. This judgment was rendered on the 7th day of January, 1910, and by the terms of the judgment J. F. Robinson, the plaintiff in that suit, who is the defendant in the present suit, recovered judgment against T. B. Mitchell, D. A. Reynolds, and G. D. Childress, L. J. O'Connor, J. E. Parker, and J. A. Parker for a tract of 53.7 acres of land, an undivided three-fourths of which is the subject-matter of this suit. The judgment recites that the defendants Mitchell, Reynolds, and Childress appeared in person and by their attorneys. Callie Childress was not a party to said suit. See 136 S. W. 501, showing affirmance

of this judgment. These are all the facts shown by the statement of facts.

Appellants undertook to prove by their testimony, in substance, that at the time the verbal purchase of the land from Reynolds in 1905, G. D. Childress, the husband, made a verbal gift of it to his wife as her separate property, and that she owned and claimed it as such. All of this testimony seems to have been excluded by the court. Nevertheless appellants in their brief state as uncontroverted facts "that on the date of the purchase of the property from Reynolds in 1905, by verbal deed of gift, G. D. Childress gave his wife all his interest in the land as her separate estate, and she was from that date up to the present time owning, occupying, and claiming it as her separate property homestead." It is also stated as one of the "uncontroverted facts" that on October 29, 1912, G. D. Childress made a written confirmation deed to his wife, Callie Childress, of the former verbal gift, which was duly recorded." No such fact appears in the evidence, but it appears that this deed was executed after this suit was filed, and was excluded on objection of appellee.

[1-4] Objection is made by appellee to the consideration of each of the 23 assignments of error; the objections being substantially the same to each of them, that the assignments are not followed by any proposition or sufficient statement from the record as required by rules 30 and 31. Appellants seem to be of the opinion that the act of the Thirty-Third Legislature (chapter 136, p. 276, art. 1612, R. S. of 1911), which provides that an assignment of error "shall be sufficient which directs the attention of the court to the error complained of," abrogates the rules referred to. It was held by this court, in the case of Conn v. Rosamond, 161 S. W. 73 (opinion filed the 29th day of October, 1913) that this statute was in conflict with rule 25, which requires that assignments of error "must refer to that portion of the motion for a new trial in which the error is complained of," and that an assignment shall be sufficient which directs the attention of the court to the error complained of, but which did not refer to the motion for a new trial as required by rule 25 (142 S. W. xii). In this connection, however, it is said: "We do not intend to hold that the rules governing briefs which require that each assignment must be followed by a proposition and sufficient statement from the record conflict with the statute." The act in question was not intended to do away with the requirements of rules 30 and 31 (142 S. W. xiii), which require that "each point under each assignment shall be stated as a proposition unless the assignment itself may sufficiently disclose the point, in which event it shall be sufficient to copy the assignment." Rule 31: "To each * * * proposition there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the

record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing with it arguments, reasons, conclusions, or inferences." This language seems plain enough and seems impossible of being misunderstood, and it has been expounded and re-expounded by decisions without number of the Supreme Court and the Courts of Civil Appeals. In the light of the provisions of these rules, which have the force and effect of statutes, not being in conflict with any legislative act (article 947, Sayles' Civil Statutes), none of the assignments of error presented in appellants' brief can properly be considered. Appellee has a right to have the brief prepared with some regard to the rules, and has by timely objections invoked such right; but the court might very well, on its own motion, refuse to consider assignments of error prepared without regard to the rules referred to. We cannot look to the printed argument to supply vital defects in the brief.

[5] The second assignment (the first presented in the brief), with its statement, is as follows: "Second Assignment of Error. The court erred in overruling the special demurrer of plaintiffs, contained in their first supplemental petition, to the said answer of the defendants, which said demurrer is as follows: 'The said answer does not aver that said Callie Childress was a party to said writ of possession or said judgment, but avers she was not.' Statement. See bill of exceptions No. 2, Record, p. 19. Here is set out in full special demurrer and answer excepted to. It is in no way stated how she is bound by said judgment, neither does it controvert or deny the facts in the petition, pleaded to avoid this judgment."

The third assignment (second in the brief) is as follows: "Third Assignment of Error. (A Proposition.) The court erred in overruling the second special demurrer of the plaintiffs as averred in their first supplemental petition to the said answer and in not striking of it out as a defense in said cause, which said special demurrer No. 2 is as follows: 'The said answer does not set up any facts or conditions that show that plaintiff Callie Childress is bound by the said judgment plead in bar'—as appears by bill of exceptions No. 3. Statement. See bill of exceptions No. 3, Record, p. 20. Here is set out in full the special demurrer and answer. The said answer does not plead any affirmative matter that negatives the allegations in appellant's petition, and avoids their effect. It is a plea of confession in so far as it goes."

By a liberal interpretation of rule 30, it might be considered that these assignments

sufficiently disclose the proposition of law relied upon to show error, and that it was not necessary to follow them with propositions, but we doubt this. Kirby Lumber Company v. Chambers, 41 Tex. Civ. App. 632, 95 S. W. 607. But, giving the appellant the benefit of the doubt on this point, the statement is insufficient. The mere reference to the bill of exceptions, no matter how full such bill may be, cannot take the place of such statement from the record as is required by rule 31. T. & N. O. R. R. Co. v. Powell, 51 Tex. Civ. App. 409, 112 S. W. 697; Colorado Canal Co. v. McFarland & Southwell, 50 Tex. Civ. App. 92, 109 S. W. 435.

[6-8] If it be considered that the allegations of the special demurrer are stated in full in the assignment, and that the statement sufficiently shows the vice in the pleading attacked by the special exception, "that it does not deny or controvert the facts in the petition pleaded to avoid this judgment," and that the assignment is sufficient to require its consideration, we would hold that the special demurrer, as stated in the assignment, was properly overruled. It is not the contention of appellee that Callie Childress was a party to the suit referred to. It is upon other grounds that it is contended that she is bound by the judgment. If by the same liberal interpretation of the rules the third assignment should be considered, we would hold that the special exception was properly overruled, upon the well-settled principle that defects in the pleading of one party may be cured by averments in the pleadings of the other. Gaston v. Wright, 83 Tex. 285, 18 S. W. 576. Appellants set out fully in their petition all of the facts necessary to show that the property was in fact, at the date of the suit and judgment referred to, the community property of Childress and his wife. It is true that it is stated that it was her separate estate, but the facts stated as the basis of this claim, to wit, the verbal gift of the husband to the wife, show to the contrary. This attempted gift was clearly void, and did not change the community character of the property. This point will be discussed later. Construing then the portion of the answer excepted to, in connection with the averments of the petition, it was sufficient, and the special exception was properly overruled. At any rate, the plea of res adjudicata by itself was an answer to this action in so far as plaintiffs' case rested upon the homestead character of the property, and on that ground also the special exception was properly overruled.

[9] The first assignment, with its statement, is as follows: "First Assignment of Error. (A Proposition.) The court erred in overruling the general demurrer of the plaintiffs, contained in their first supplemental petition herein, to the answer of the defendants herein, as appears by bill of exceptions No. 1. Statement. See bill of exceptions No.

1, Record, p. 17. Same as under assignments of error Nos. 2 and 3, considered as a proposition, ante."

The assignment cannot in any view be considered as a proposition. It is not followed by a proposition, and what is called "statement" is not sufficient, even in connection with the so-called statements under assignments 2 and 3. It may be added that the record does not contain any order or judgment of the court overruling any of the demurrers or exceptions. Bonner v. Glenn, 79 Tex. 533, 15 S. W. 572.

[10, 11] By the fourth assignment of error appellant complains that the court erred in excluding from the jury as evidence, on objection of defendant, the confirmatory deed of G. D. Childress to his wife, herein referred to. The assignment is stated as a proposition and is not followed by any further proposition. It is not stated in the assignment or statement what objection was made to the deed. We are expected to go to the record and dig this out of the bill of exceptions which is referred to. We are utterly unable to guess even from the assignment or statement, or both, what question of law is presented by the ruling. The assignment cannot be considered. If considered, it would have to be overruled. It appears from appellants' brief that this deed was executed long after the judgment referred to and after the institution of this suit, and there was no reference to it in the pleadings, so it was properly excluded. Collins v. Barlow, 72 Tex. 332, 10 S. W. 248.

[12] The fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments each complain of the exclusion of evidence of plaintiff G. D. Childress that Callie Childress owned the land, that he intended giving it to her and to make her a deed, and of Callie Childress that she owned the land, that at the time her husband bought it he gave it to her. Each assignment is stated as a proposition, and there is no other proposition stated. It does not appear what was the objection made by appellee, and the only statements made at all are, "See bill of exceptions," referring to the number of the bill and the page of the record. In the entire absence of any statement as to what objection was made, we are unable to determine whether or not there was error in the ruling complained of. Certainly the assignments are such as to require them to be followed by propositions. None of them can be considered. The evidence, however, appears inadmissible on the ground of its immateriality. It only tended, if true, to show that by verbal gift G. D. Childress gave the land to his wife and that she claimed to own it as her separate estate.

[13] The fourteenth assignment complains of the action of the court in excluding certain interrogatories to Callie Childress and her answers thereto "as appears by bill of exceptions No. 14." The assignment is fol-

lowed by a proposition, or what is called a proposition, which only states the purpose for which the evidence is offered. The only statement is, "See bill of exceptions No. 14." As to what the evidence was, or what the objection was, neither the assignment, proposition, nor statement gives the slightest intimation. The assignment cannot be considered.

Assignments of error 15 and 16 relate to the exclusion of testimony of Callie Childress. Each is stated as a proposition. Neither is a proposition within the meaning of that term in rule 30. The only statement is "See bill of exceptions," giving the number and page of the record. The assignments are not entitled to be considered. The evidence appears to be immaterial, and, if objected to on that ground, was properly excluded. The objection is not stated.

The seventeenth assignment is followed by a proposition, but no statement except the usual reference to bill of exceptions. It does not appear what objection was made to the testimony, nor can we gather what the evidence was. The assignment cannot be considered.

[14] The remaining assignments of error complain of the action of the court in directing a verdict for defendants, on the ground, generally, that the undisputed evidence showed no title in defendant, and that Callie Childress was not bound by the judgment, on the ground that she was not a party thereto, and that the property was her homestead and also her separate estate. In the statement of the undisputed facts in the assignments appellants have gotten the evidence which was admitted mixed up with that which was excluded. There are no propositions stated under the assignments, each of which is stated as a proposition, and neither assignment is followed by anything which can be considered as a statement from the record, as required by rule 31. Neither of the assignments is entitled to consideration under the rules.

[15, 16] But we are loath to dispose of this appeal in this way. There does not, however, appear to be any merit in appellants' case in any view that can be taken of it. The evidence in the record, all of which was introduced by appellants, shows that the property in controversy was first acquired by G. D. Childress in 1904 or 1905 by verbal sale, that at that time he and Callie Childress were husband and wife, and that they went into possession of the property, made some improvements and established their homestead on it, and that it has continuously since been so used and occupied, that the verbal sale to G. D. Childress was followed in 1909 by a deed to him, that in 1911 the appellee Robinson, in an action of trespass to try title, recovered judgment against G. D. Childress for the title and possession of the property, that G. D. Childress was a party to that suit and appeared and made defense, but that

Callie Childress, his wife, was not a party. The appellants were plaintiffs and were required to establish prima facie their title and right to recover before appellee was required to say anything in his defense. If the judgment had not been pleaded, nor proven, as res adjudicata, plaintiffs would not have been entitled to recover the land on the evidence in the record. They showed neither title from the sovereignty, nor from a common source. But if they had showed such title, the plea of res adjudicata was a good defense on the facts shown on the trial, as shown by the statement of facts. Appellants' contention is that the property being the homestead at the date of the institution of the suit in Robinson v. G. D. Childress, and of the judgment, and Mrs. Childress not being a party to that suit, the judgment is not binding upon her, nor in fact upon the husband. The evidence in the record shows that the property was community. It is settled law in this state that in such case it is not necessary to make the wife a party in an action of trespass to try title for such community homestead, but that the judgment against the husband in a suit in which the wife is not a party is binding upon her. In such case the fact that the property was the homestead would not afford any defense to the action, and, if the wife's interest rests upon that fact alone, the husband represents her, and she need not be sued. The following cases are believed to settle this question in this state; Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 496; Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225; Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23; Breath v. Flowers, 95 S. W. 26, 43 Tex. Civ. App. 516; Central Coal & Coke Co. v. Henry, 47 S. W. 281; Speer on Law of Married Women, § 295. And if the wife denies the binding effect of such judgment upon her, on this ground, she must both by pleadings and proof show she has a defense to the suit in which the judgment was rendered, growing out of the homestead character of the property.

[17, 18] If the property was the separate estate of the wife, she would not be bound by a judgment against the husband alone, and in the present case it was contended that the property was the separate estate of Mrs. Childress and certain testimony was offered to prove this. All of this testimony was excluded by the court, and, as none of the assignments of error based upon such exclusion can be considered, the case must stand upon the evidence in the statement of facts, which conclusively establish that the property was community of the husband and wife, and makes no reference to any fact tending to show otherwise. Nevertheless, if this excluded evidence had been admitted, it would have tended to show that at the time G. D.

Childress acquired the property by verbal sale he verbally gave it to his wife. This was in 1905. And that after the rendition of the judgment in Robinson v. Childress, and after the institution of this suit, he made a deed of it to his wife. With reference to this deed, it conveyed nothing, as at that time Childress had nothing to convey. That it is called a confirmatory deed gives it no force. If the verbal gift in 1905 was void, Childress could not breathe the breath of life into it by a deed executed after he had lost all title to the land by the judgment. The verbal gift, or attempted gift, of 1905, if ever made, was void under the statute of frauds. Allen v. Allen, 101 Tex. 362, 107 S. W. 528; Sanders v. Thompson Lumber Co., 139 S. W. 1005. There is no pretense that the land was paid for with the separate means of Mrs. Childress, or that she was placed in possession, or made improvements on the land out of her separate estate. None of the elements necessary to take a parol gift of land out of the operation of the statute of frauds existed. So we conclude that under the undisputed facts in evidence, supplemented by those excluded, appellants have no case, and that if each of the assignments of error had been considered none of them would have presented any ground for reversal of the judgment. Arnold v. Attaway, 89 Tex. 506, 35 S. W. 646. The court did not err in directing a verdict for defendant. The judgment is affirmed.

Affirmed.