BROWN et al. v. FOSTER LUMBER CO.
(No. 6761.)

(Court of Civil Appeals of Texas. Galveston. Feb. 25, 1915. Appellee's Motion for Rehearing Denied March 11, 1915. Appellants' Motion for Rehearing Denied June 30, 1915.)

1. HUSBAND AND WIFE ☞249—PROPERTY—"COMMUNITY PROPERTY."

Where a conveyance to a married woman in her own right and her payment of the consideration out of her separate estate gave her no title because her grantor had no title, any title acquired under the adverse claim of herself and husband was community property, notwithstanding she claimed it as her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 887, 889–892; Dec. Dig. ☞249.

For other definitions, see Words and Phrases, First and Second Series, Community Property.]

2. HOMESTEAD ☞212—RECOVERY—PARTIES.

In a suit to recover homestead property, the wife was not a necessary party, as her claim of homestead would have been no defense thereto, and she was bound by the judgment rendered against her husband.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 393; Dec. Dig. ☞212.]

3. JUDGMENT ☞511—COLLATERAL ATTACK—FRAUD IN PROCURING.

In such suit if there was an agreement by the husband in fraud of the homestead rights of his wife, or mistake or fraud whereby the judgment was not entered in accordance with the true agreement, the judgment could only be set aside in a timely direct proceeding.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 951, 954; Dec. Dig. ☞511.]

4. TRESPASS TO TRY TITLE ☞41—IDENTITY AND DESCRIPTION OF PROPERTY—EVIDENCE.

A conveyance to plaintiff of all the unsold part of a survey described by metes and bounds, except an 80-acre tract described in the deed, without evidence showing what part of the survey had been previously sold by the grantor or that none of the survey had been previously sold, while not void for insufficiency of description, on its face did not identify with certainty the land involved in the grantee's action of trespass to try title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 89–97; Dec. Dig. ☞41.]

5. EVIDENCE ☞460 — PAROL EVIDENCE — IDENTITY OF LAND.

In such case, the land might be identified by extrinsic evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. ☞460.]

Appeal from District Court, San Jacinto County; J. Llewellyn, Judge.

Trespass to try title by the Foster Lumber Company against R. P. Brown and another,

in which Mary E. Brown filed a petition in intervention. Judgment for plaintiff, and defendant and intervener appeal. Reversed and remanded.

Baldwin & Baldwin, of Houston, for appellants. N. C. Abbott, of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellee against R. P. Brown and the Michigan Diamond Oil & Refining Company to recover the D. M. Bullock 601½-acre survey in San Jacinto county. After the trial began plaintiff took a nonsuit as to the Oil & Refining Company.

The defendant R. P. Brown disclaimed title to all the land, except a tract of 160 acres described in his answer, as to which he pleaded not guilty. He also pleaded limitation of 10 years; that the land was the separate property of his wife; and that it was, and had been since 1875, the homestead of himself and wife.

Mary E. Brown, the wife of defendant, filed petition in intervention, in which she claimed the 160 acres of land as her separate property, alleging that it was conveyed to her by James Smith in 1875 for her sole and separate use, and that she paid for said land with property and money belonging to her separate estate. She also pleaded limitation of 10 years, and that the property had been her homestead since 1875.

The trial in the court below without a jury resulted in a judgment for plaintiff against appellants, R. P. Brown and Mary E. Brown, for the entire tract of 601½ acres.

The record discloses the following facts: The D. M. Bullock survey was patented to M. O. Dimon, assignee, on April 3, 1852. Dimon conveyed it to Gabriel Freidberger on February 7, 1866. In 1873 or 1874 James Smith settled upon the Bullock survey, and in 1875 he sold the 160 acres now claimed by appellants, and upon which he then lived, to Mrs. Brown, for a consideration of $150. This consideration was paid by Mrs. Brown out of her separate estate. After she bought from Smith, she and her husband took possession of the 160 acres and lived thereon continuously for 12 or 13 years, cultivating and using a portion thereof and claiming the whole 160 acres. They afterwards bought a tract of 56 acres upon the Patterson survey adjoining the 160 acres claimed by them on the Bullock and built them a house on said 56 acres. Their dwelling house was near the line of the 160 acres, and the fencing on the two tracts was connected, and both tracts have been used for homestead purposes up to the present time. On May 12, 1899, Gabriel Freidberger brought suit in the district court of San Jacinto county against R. P. Brown and others, to recover the title and possession of the Bullock survey. Mrs. Brown was not a party to this suit, had no knowledge of the fact that the suit was pending, and knew nothing of the judgment that was rendered therein. On October 18, 1900, the following judgment was rendered in said suit:

"On this the 18th day of October, 1900, the above case came on to be heard, and the defendant R. P. Brown having agreed to take nothing and to surrender all right and claim that he had or might have at the time of filing of this suit, and the defendant McWilliams having wholly failed to make answer to this petition herein filed in this case, thereupon judgment was asked for and taken in the above styled and numbered cause against the said McWilliams, and Mrs. E. J. McDaniels, one of the defendants in said cause, made and entered into an agreement with the plaintiff G. Freidberger that she take 80 acres of said land which her improvements now stand on, the same to be taken as near as possible out of the northeast corner of the hereinafter described lands, and the said Freidberger is to have and recover the timber on said 80 acres of land, and that the title of said lands be divested out of each and all of the defendants, except the said E. J. McDaniels, who is to have the above 80 acres, and the title to this balance of said land be invested in the said Freidberger, and the title to the said above 80 acres to be divested out of said Freidberger (except the timber on said 80 acres) and invested in the said McDaniels, which said land is described as follows: [Here follows description of the Bullock survey.] It is therefore ordered, adjudged, and decreed by the court that the plaintiff G. Freidberger do have and recover of the defendants, James McWilliams, R. P. Brown, and Mrs. E. J. McDaniels, the lands sued for in plaintiff's petition, except the 80 acres heretofore mentioned and excepted, and the said E. J. McDaniels is to recover the said 80 acres."

On February 7, 1902, Gabriel Freidberger conveyed to the Foster Lumber Company a portion of the Bullock survey, described as follows:

"All the unsold tract or parcel of land situated in San Jacinto county, Tex., being 601½ acres of land patented to M. O. Dimon, assignee of D. M. Bullock, April 3, 1852, No. 337, certificate 178, and described by metes and bounds as follows: [Here follows field notes of Bullock survey]—save and except 80 acres of said land decreed by the district court of said San Jacinto county in the case of G. Freidberger v. R. P. Brown et al., No. 858, of date October 18, 1900, to belong to Mrs. E. J. McDaniels, to be taken by her out of said land where her improvements stand, and the same to be taken, as near as possible, out of the northeast corner thereof."

Under appropriate assignments of error, the appellants assail the judgment of the trial court upon three grounds: First. It is contended that the undisputed evidence shows the 160 acres of land in controversy was the separate property of Mrs. Brown, and she, not being a party to the suit of Freidberger against her husband, R. P. Brown, and others, in which an agreed judgment was rendered in favor of plaintiff for all of the Bullock survey, is not bound by said judgment. Second. If the property was not owned by Mrs. Brown in her separate right, it was the homestead of herself and husband, and she, not having been a party to the suit above mentioned, is not bound by the judgment therein rendered. Third. That the deed from Freidberger to appellee conveys only the unsold portion of the Bullock

survey, less the 80-acre tract described in said deed; and there being no evidence showing what portion of the survey had been sold by Freidberger before his conveyance to appellee, or showing that none of said survey had been sold by him prior to said conveyance, said deed does not show title in appellee to the 160 acres of said survey involved in this suit.

[1] We agree with the trial judge in the conclusion that neither of the first two contentions of appellants can be sustained. It is true that the undisputed evidence shows that the deed from James Smith to Mrs. Brown conveyed the land to her in her separate right, and that the consideration for such conveyance was paid by Mrs. Brown out of funds belonging to her separate estate, but the undisputed evidence further shows that Smith had no title to the land, and Mrs. Brown therefore acquired none by said deed. The only title acquired by her was a limitation title which ripened under the adverse claim and possession of herself and husband, and it is clear that property so acquired is community. Until the 10 years' adverse claim and possession had expired, the title to the 160 acres remained in Freidberger, and, when this possession ripened into title, it vested in the community, notwithstanding the fact that when such adverse possession began, and during all of the 10 years of such possession, Mrs. Brown claimed the land as her separate property under her deed from Smith.

[2] It is now well settled that, notwithstanding the fact that the property was the homestead, the wife was not a necessary party to the suit brought by Freidberger for its recovery. Her claim of homestead would have been no defense to said suit, and for that reason it was unnecessary to make her a party to the suit, and she is bound by the judgment rendered against her husband. Such judgment is not void, and cannot be collaterally attacked. Childress v. Robinson (Civ. App.) 161 S. W. 78; Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 496; Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225; Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23; Breath v. Flowers, 43 Tex. Civ. App. 516, 95 S. W. 26; Central Coal & Coke Co. v. Henry (Civ. App.) 47 S. W. 281; Speer on Law of Married Women, § 295.

[3] If the agreement of R. P. Brown was made in fraud of the homestead rights of his wife, or if the judgment was by mistake or fraud not entered in accordance with the true agreement made by R. P. Brown, it could only be set aside in a timely direct proceeding brought for that purpose.

[4, 5] We think the third contention of appellants above stated is sound and must be sustained. As we construe the deed from Freidberger to appellee, before set out, it conveys only the unsold portion of the Bullock survey, less the 80 acres mentioned in said deed. If this construction of the deed is correct, it follows that said deed does not show title in appellee to the 160 acres of said survey in controversy, in the absence of evidence showing what portion of the survey had been previously sold by the grantor, or that none of said survey had been sold prior to the conveyance to appellee. The deed is not void for insufficiency of description, but upon its face it does not identify with certainty the 160 acres involved in this suit as a part of the land thereby conveyed. This identification can be made by extrinsic evidence; but, in the absence of such evidence, it cannot be held that title to said 160 acres passed by said deed. Smith v. Clay, 57 S. W. 74.

For the reason indicated, judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

Appellants' Motion for Rehearing Denied.

In a very able motion for rehearing filed by counsel for appellant it is earnestly insisted that we erred in holding in our former opinion herein that the title acquired by possession under the 10-year statute by appellant R. P. Brown and wife was community property and not the separate property of Mrs. Brown. In support of this contention, appellant cites the case of Alford Bros. v. Williams, 41 Tex. Civ. App. 436, 91 S. W. 636, decided by this court, and in which the opinion was written by the writer of this opinion. That opinion is in direct conflict with our present holding, but we regard it as also in conflict with the rule now recognized by the courts of this state. That case did not reach the Supreme Court, but the case of Ry. Co. v. Speights, 59 S. W. 572, cited in the opinion as authority for our holding, did reach that court, and our decision upon the question here involved was not affirmed; the court stating in its opinion that it was unnecessary to decide the question. In subsequent cases from this and other Courts of Civil Appeals a contrary rule to that announced by us in the Alford Case has been followed, and the writer has reached the conclusion that the rule announced in the Alford Case is not the correct rule. The deed to Mrs. Brown from one who held no title vested in her no right in the land as against the owners of the title, and, up to the very time that the 10 years' possession by herself and husband was completed, she had no title to the land and no right of any kind in the land as against the owners of the title. How, then, can it be said that the deed to her was the inception of the title afterwards acquired by herself and husband by their 10 years' occupancy and claim to the land? As the title to the land was acquired during the existence of the marriage relation, and did not have its inception in any right acquired

by Mrs. Brown before her marriage, we think it should be held to be community property. Bishop v. Lusk, 8 Tex. Civ. App. 30, 27 S. W. 306; Cook v. Houston Oil Co., 154 S. W. 281. As pointed out in the Cook Case, the holding in the case of Bishop v. Lusk is apparently approved by our Supreme Court in the case of Creamer v. Briscoe, 101 Tex. 494, 109 S. W. 911, 7 L. R. A. (N. S.) 154, 130 Am. St. Rep. 869.

We adhere to the conclusions expressed in our main opinion upon all of the questions presented by the motion for rehearing, and it follows that the motion is overruled.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes