**COOLEY v. MILLER et al.** (No. 204–3283.)

(Commission of Appeals of Texas, Section B. March 16, 1921.)

1. **Mechanics' liens** ☞263(2)—**Foreclosure sale without notice to wife of owner valid, in absence of fraud upon homestead rights.**

Foreclosure of a mechanic's lien upon community property and homestead could not be set aside by the wife, although not made a party to the suit and not served with citation, except for fraud upon her homestead rights, the foreclosure sale being regular, and where a bank purchased the judgment and had the property sold thereunder and resold to the husband who gave vendor's lien notes therefor sufficient to cover the judgment, such vendor's lien notes constituted a valid lien upon the property as against the wife, at least to the extent of the amount owing upon the mechanic's lien notes.

2. **Homestead** ☞212—**Husband and wife** ☞270(5)—**Wife not necessary party in action against husband to try title to community real estate.**

Wife is not a necessary party to an action against husband to try the title to, affect an interest in, or foreclose a lien on community real estate, and in determining whether the wife's homestead interest alone renders her a necessary party to an action effecting property impressed with the homestead exemption, the test is whether the plea of homestead would in itself be a defense to the suit.

3. **Mechanics' liens** ☞14—**Homestead interest of wife no defense to suit to foreclose.**

Homestead interest of wife is no more a defense to a suit to foreclose a mechanic's lien, when executed according to law, than it is a defense in an action to foreclose a vendor's or tax lien.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Guaranty Trust & Banking Company and others against Adelle Miller and others, in which Winchester Cooley intervened. From a judgment of the Court of Civil Appeals (207 S. W. 642), which reformed and affirmed a judgment for plaintiff in favor of the intervener, he brings error. Judgment of Civil Court of Appeals reversed, and that of district court affirmed.

J. G. Sweeney, of El Paso, W. M. Caldwell, of Houston, J. E. O'Neal, of El Paso, Williams & Neethe, of Galveston, and J. E. Quaid, of El Paso, for plaintiff in error.

M. W. Stanton, of El Paso, for defendants in error.

McCLENDON, P. J. Mark and Adelle Miller, husband and wife, on February 12, 1904, executed a mechanic's lien upon two lots in the city of El Paso, their community property and homestead, in favor of H. F. Brown, to secure four notes of $500 each, due in one, two, three, and four years, respectively. Brown transferred the notes and lien to Burten-Lingo Company, and the latter in 1908 brought suit against Miller and wife, in cause No. 7388, for the balance then due and unpaid on the notes and to foreclose the mechanic's lien. While Mrs. Miller was made a party to this suit, she was not served with citation, and did not appear in the suit and had no notice thereof, although the sheriff's return showed service upon her and an answer was filed by an attorney purporting to represent her. Judgment was rendered in favor of the plaintiff for the unpaid amount of the notes and interest and foreclosure of the lien. The fact that Mrs. Miller was not served and did not authorize the appearance for her was not known to any party to this suit other than Mr. and Mrs. Miller.

Mark Miller made an arrangement with the Guaranty Bank & Trust Company, under which the latter agreed to buy the judgment, have the property sold thereunder and resold to himself, he to give vendor's lien notes for an amount sufficient to cover the judgment and certain notes which Miller owed the bank, as well as an additional sum of money which the bank agreed to loan Miller. This arrangement was carried out, the bank paying to Burten-Lingo Company substantially the full amount of the judgment and taking an assignment thereof. The property was sold, bought in by an agent of the bank, and sold by the agent to Miller, who gave vendor's lien notes covering the agreed amount, which notes were in turn transferred to the bank. The sale under order of sale was sufficient to pass Mr. Miller's interest in the property. This suit was brought by the bank against Mark Miller and wife upon these vendor's lien notes and for foreclosure of the vendor's lien. The suit was filed in 1910, and remained upon the docket until the cause was tried in 1917. In the meantime, the bank was placed in the hands of a receiver, and in the receivership the notes were sold to Winchester Cooley for the sum of $50; and Cooley intervened in the suit as plaintiff.

The trial court set aside the judgment in cause No. 7388, and rendered judgment in favor of Cooley for the full amount of the vendor's lien notes as against Mark Miller, and foreclosed the original mechanic's lien upon the homestead for the unpaid balance of the original mechanic's lien notes as against both Miller and his wife. This judgment was modified by the Court of Civil Appeals by reducing to $50 the amount for which foreclosure was allowed. Miller v. Guaranty Trust & Banking Co., 207 S. W. 642.

[1] In the view we take of the case, it is not necessary to consider the many grounds upon which defendants in error question the cor-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rectness of the trial court's judgment. We have reached the conclusion that the judgment in cause No. 7388 was binding upon Mrs. Miller's homestead interest in the property foreclosed upon, regardless of whether she was a party to that suit. This conclusion, we think, controls every issue in the case, for the reason that the sale, under that judgment, was in all things regular in so far as Mr. Miller was concerned, and passed title to the purchaser at foreclosure sale. This title was reinvested in Miller by the sale to him, subject to the vendor's lien notes, the title to which passed from the bank through receivership sale to Cooley. The foreclosure sale being regular, it could not be set aside by Mrs. Miller, except for fraud upon her homestead rights. The only theory upon which fraud could be predicated would be the agreement between Mr. Miller and the bank under which the vendor's lien notes, to be given by the former in repurchase of the property, were to embrace items other than the amount owing upon the original mechanic's lien notes. If set aside upon that ground, it would be incumbent upon Mrs. Miller to do equity by discharging the mechanic's lien obligation. Viewed in this light, the mechanic's lien obligation became merged in the vendor's lien notes, and to that extent at all events they constituted a valid lien upon the property. It is unnecessary to consider the effect of the agreement between Mr. Miller and the bank in this regard. The trial court eliminated from the foreclosure every item other than the amount admitted to be owing upon the mechanic's lien notes, and Mrs. Miller's homestead was therefore charged with nothing beyond the amount, which in any view of the case was a just and valid lien upon the property. Plaintiff in error makes no complaint of the action of the trial court in not enforcing the lien for the amount of the vendor's lien notes above the amount of the mechanic's lien. Viewing the case, therefore, from the standpoint of Miller and wife, the only complaining parties, the trial court rendered the only judgment which the record will support.

The action of the trial court in setting aside the judgment in cause No. 7388, and that of the Court of Civil Appeals in reducing the trial court's judgment, is evidently based upon the theory that Mrs. Miller was a necessary party to the action to foreclose the mechanic's lien upon the homestead, a view which we think is erroneous.

[2] It is not necessary to cite authority upon the now elementary proposition that the wife is not a necessary party to an action against the husband to try the title to, affect an interest in, or foreclose a lien upon community real estate. In determining whether the wife's homestead interest alone renders her a necessary party to an action affecting property impressed with the homestead exemption, the test laid down by our Supreme Court is whether the plea of homestead would in itself be a defense to the suit. The following authorities support this view: Jergens v. Schiele, 61 Tex. 255; San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Bean v. Brownwood (Civ. App.) 43 S. W. 1036; Coal Co. v. Henry (Civ. App.) 47 S. W. 281 (writ of error refused); Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225 (writ of error refused); Gillaspie v. Huntsville (Civ. App.) 151 S. W. 1114; Childress v. Robinson (Civ. App.) 161 S. W. 78 (writ of error refused); Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23; Breath v. Flowers, 43 Tex. Civ. App. 516, 95 S. W. 26; Mitchell v. Robinson (Civ. App.) 162 S. W. 443 (writ of error refused); Nunez v. McElroy (Civ. App.) 174 S. W. 829; Davis v. Cox (Civ. App.) 176 S. W. 931; Brown v. Foster (Civ. App.) 178 S. W. 787 (writ of error refused).

[3] We deem it unnecessary to review these authorities. The mechanic's lien upon the homestead is authorized by the Constitution, in like manner as are liens for purchase money and taxes; and the homestead interest of the wife is no more a defense to a suit to foreclose such mechanic's lien when executed according to law than is such homestead interest a defense in an action to foreclose a vendor's or tax lien. We can preceive no difference between these three classes of liens in so far as the wife's homestead interest in the property is concerned. It follows that the judgment and sale thereunder were conclusively binding upon Mrs. Miller's homestead interest in the property, whether or not she was a party to the suit, or whether the notice of sale purported to dispose of her interest; the judgment and the sale being in all respects regular as to Mr. Miller.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.