Texas & New Orleans Railroad Company v. D. A. Powell.

Decided June 20, 1908.

**1.—Appeal—Brief—Rule 31.**

Under rule 31, for the Courts of Civil Appeals, it is not sufficient that merely the pages of the record be referred to in the statement under an assignment of error. The statement must contain enough of the proceedings in the record to explain and support the proposition, with a reference to the pages of the record.

**2.—Charge—Refusal—Assumption of Fact.**

A switchman was injured while trying to couple cars; the rules of the railroad company forbade switchmen from going between cars while moving; the evidence was, at least, conflicting as to whether or not the cars were moving when the switchman went between them to make the coupling. Held, the court properly refused a special charge which assumed that the uncontroverted

evidence showed that the cars were moving when the switchman went between them, and that the switchman was violating the rule of the company.

### 3.—Charge—Submission of Issue—Harmless Error.

In a suit for personal injuries the defendant charged the plaintiff with contributory negligence in the violation of a rule of the company; the plaintiff made no answer in avoidance of the charge; the court instructed the jury that the plaintiff would not be guilty of contributory negligence in the violation of said rule if the same was generally disregarded by the employes with the acquiescence of the defendant. Held, the evidence being uncontradicted that the plaintiff did not in fact violate the rule, the charge was harmless error.

### 4.—Negligence—Evidence—Absence of Pleading.

Where a defendant fails to allege and plead certain conduct of the plaintiff as contributory negligence, it can not avail itself of such defense when it is developed by the evidence on the trial.

### 5.—Negligence—Single Issue—Charge.

Where, in a suit for personal injuries, the court limits the plaintiff's right to recover to a single issue, the refusal of special charges abstractly correct upon other issues, is not error.

### 6.—Assumed Risk.

By assuming certain known risks in the discharge of his duties an employe does not assume other risks resulting from the negligence of his employer.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Parker & Hefner* and *Will E. Orgain,* for appellant.—A railroad employe who knowingly and deliberately violates the terms of a rule promulgated by the company to govern his conduct, has no right of action against his employer for injuries received while in the act of violating said rule, provided such injuries could not have occurred had he obeyed said rule. San Antonio & A. P. Ry. Co. v. Wallace, 76 Texas, 636; Missouri, K. & T. Ry. Co. v. Wood, 35 S. W., 880; Port Royal & W. C. Ry. Co. v. Davis, 22 S. E., 835; Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 205; Atchison, T. & S. F. Ry. Co. v. Reesman, 60 Fed., 378.

No question of waiver of the defendant's rules or any of them was raised in the court below by either pleadings or proof, and it was affirmative error for the trial court to submit the issue of waiver vel non to the jury for its consideration. O'Neill v. Keokuk & D. M. Ry. Co., 45 Iowa, 546.

The facts affecting the risk were all known to appellee. His injury was the result of dangers arising from conditions at once open and obvious, and actually discovered and noted by him before he incurred the risk, which he therefore assumed. Trinity & B. V. Ry. Co. v. Perdue, 45 Texas Civ. App., 659, and numerous cases therein cited, including: Gulf, C. & S. F. Ry. v. Williams, 72 Texas, 159; Texas & Pac. Ry. v. French, 86 Texas, 96; Bonnet v. Galveston, H. & S. A. Ry., 89 Texas, 76; Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 207, and numerous other cases.

*J. W. Parker* and *Lovejoy & Adams,* for appellee.—When appellant

plead as a defense the violation of certain rules the statute interposed in behalf of appellee a general denial, and it was competent and admissible to prove a waiver of said rules. Gulf, C. & S. F. Ry. v. McMahan, 6 Texas Civ. App., 603.

If an employe is injured while disobeying a rule of the company, which was frequently disregarded by employes with the company's knowledge, and no serious effort is made to enforce it, the company is liable. Galveston, H. & S. A. Ry. v. Slinkard, 39 S. W., 961; Galveston, H. & S. A. Ry. v. Slinkard, 17 Texas 'Civ. App., 585; Galveston, H. & S. A. Ry. v. Garteiser, 9 Texas Civ. App., 456; Texas & Pac. Ry. v. Leighty, 32 S. W., 800; St. Louis S. W. Ry. v. Mayfield, 25 Texas Civ. App., 207.

Even if appellee had known of each and all of the said defects and their dangers, and even if they had been a concurring cause or causes of the injury, still, appellee could recover if in conjunction with said causes his injury was received by the negligence of defendant in backing the cars against him without a signal from appellee to do so. Texas & N. O. Ry. v. Kelly, 98 Texas, 123.

McMEANS, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee, D. A. Powell, against appellant, Texas & New Orleans Railroad Company, in which appellee recovered damages for personal injuries sustained by him. Appellee alleges in his petition that while in the performance of his duty as switchman in the employment of appellant, in coupling cars in its yards at Echo, he was caught between a ballast car and timbers projecting over the end of a flat car, and the upper part of his body was mashed and his forefinger so crushed that it had to be amputated: "that by mashing him in the upper part of the body he was injured in his chest and the organs contained therein." He alleged, as the proximate cause of his injuries, several grounds of negligence on the part of the appellant, one of which, and the only ground submitted by the court to the jury, being that of the engineer of the engine used in coupling the cars, in backing the cars without signal from appellee to do so, and without notice or warning to him of the engineer's intention to do so, when the engineer knew, or in the exercise of ordinary care would have known, that appellee was between the cars for the purpose of adjusting the coupling so that they would couple when brought together, and the danger to which he would be exposed should the cars be backed without signal from appellee or without notice or warning to him.

Appellant pleaded general denial, assumed risk and contributory negligence, and violation by plaintiff of certain rules of the defendant, established for the government of its employes handling moving cars and trains, with which plaintiff was familiar, prohibiting employes from going between cars in motion to uncouple them, or to open, close or arrange knuckles of couplers.

When the case was called for trial plaintiff, before announcement of ready, filed a trial amendment in which, in addition to the allegations of injury alleged in his original petition, he alleged that his back and spine and spinal cord and heart were injured as a direct and proximate result of the accident alleged in his petition.

The case was tried before a jury and resulted in a verdict and judgment for plaintiff, from which the appellant prosecuted this appeal.

Upon the filing of the trial amendment above referred to the appellant filed a motion for a continuance which was overruled and upon that action of the court it bases its first assignment of error.

The statement following the assignment does not show the grounds of the motion, nor is the motion itself set out. It is true that a bill of exception in the record is referred to, but, as we understand the rules adopted for the government of this court, it is not sufficient that the pages of the record be referred to in the statement merely, but that the statement shall contain enough "of the proceedings or part thereof, contained in the record as will be necessary and sufficient to explain and support the proposition, with reference to the pages of the record." Rule 31. The statement does not comply with the rule and therefore the assignment will not be considered.

By its second assignment of error appellant complains of the refusal of the court to give in charge to the jury the first special charge requested by it which peremptorily instructed a verdict for defendant.

The third complains of the refusal of the court to give the second special charge requested by appellant, which is as follows:

"In this case the defendant has pleaded in defense certain rules for the government of its employes such as plaintiff was at the time of his injuries, and it is shown by uncontroverted evidence by plaintiff and others that he knew and understood these rules at the time of his injuries, and that he was proceeding in violation of said rules when he was injured; you are therefore instructed that if you believe that plaintiff would not have been injured if he had obeyed the rules pleaded by defendant, then he is not entitled to recover under any circumstances from the defendant, and you will return your verdict in favor of defendant."

There is no merit in either of these assignments. They are based upon the assumption that appellee at the time of his injury was acting in violation of rules promulgated by appellant for his protection. The rule forbade appellee to go between cars in motion to uncouple them, or to open, close or arrange the knuckles of couplers. There were but two witnesses to the accident resulting in plaintiff's hurts, one being the engineer and the other the appellee himself. Appellee, who was a switchman, testified that he was engaged in coupling a string of cars, and that all the cars were coupled automatically except the last, a ballast car, which did not couple by the impact; that he undertook by the use of a lever, which could be operated without going between the cars, to adjust the coupler; but because of the chain attached to it being too long, and because the load on one of the cars had shifted so as to interfere with the proper working of the lever, he could not arrange the coupler by the use of the lever and that it became necessary to make proper adjustment with his hands, and to that end to enter between the cars; that when the other cars came in contact with the ballast car it caused the latter to move four or five feet and it then stopped; that he at once signaled the engineer to stop the other cars, which he did, and that while all the cars were standing, there being a space of three, four or five feet between the ballast car and the last car of the string

attached to the engine, he went in to make the adjustment and that while so engaged the engineer, without signal from him or to him and without notice or warning, shoved the car against him, and that he was caught between the ballast car and the timbers with which the other car was loaded, and injured. Appellee's testimony is corroborated by that of the engineer on the point that the cars were standing when appellee went between them; but he testified that while appellee was still in between the cars he gave a signal to move the other cars toward ballast car, and that in obedience to this signal the cars were moved, and appellee was caught and injured. Thus it clearly appears that there was testimony that appellee did not go between cars in motion, and this being true, the court properly refused to give charges based upon the assumption that the uncontroverted evidence disclosed that appellee did enter between the cars in motion in violation of the rule.

By its fourth assignment appellant assails the following portion of the general charge:

"If you believe from the evidence that defendant company made and promulgated a rule which prohibited switchmen to go between cars in motion to couple them, or to open or close or arrange knuckles or couplers, and if you believe said rule was in force at the time of said accident, and if you believe from the evidence that plaintiff, while between the said string of cars and detached car, signalled the engineer to move said string of cars back toward and upon said detached car, then you will find for the defendant; but if you believe from the evidence that said rule of defendant, although in existence, was not at the time of said accident in force, or observed by the defendant, or the employes, but was openly and knowingly violated by the employes of said company in like circumstances and conditions, and that it was the custom of said employes to so violate the rule, and that said company acquiesced in the violation of said rule in such cases, without protest, such would be a waiver of that rule, and if you so believe, the plaintiff would not be debarred from recovering, if entitled to recover at all, because said rule was violated, if it was violated. The burden is on the plaintiff to prove, by a preponderance of the evidence, the facts which are submitted to you in this charge, and any special charges that may be given, as material to his right to recover."

The ground of the complaint is that the question of waiver of defendant's rules was not raised by any pleading and that it was affirmative error for the trial court to submit to the jury the issue of waiver *vel non.*

As before stated, the rule relied upon prohibited employes from entering between moving cars. The only two eye-witnesses testified that the cars were not moving when appellee went between them, hence no violation of the rule was shown, and the court was not authorized by the evidence to submit a charge on that issue. This being true, the giving of the charge, if error, was against appellee, and of which appellant can not be heard to complain.

It appears from the testimony that the car that appellee was attempting to couple to the ballast car was a flat car and loaded with heavy timbers which had shifted so that the ends of the timbers extended over

the coupling and prevented the operation of the coupling in the ordinary way, and that appellee knew of this before he went between the cars. Appellee, on cross-examination, testified that a car thus loaded was a bad order car and should have been carded as such, and that the rules of appellant forbade employes coupling them to other cars while in that condition. Appellant insists that the violation of this rule by appellee precludes a recovery by him. It is only necessary to say, in passing on this contention, that if appellant relied upon this rule and its violation to defeat recovery by appellee, it should have raised the issue by appropriate pleading, which it did not do.

By its fifth and sixth assignments appellant complains of the refusal of the court to give its third and fourth special charges. The third special charge contained an instruction that there was no evidence to show that defendant was negligent or in any way responsible for the condition of the load on the flat car, and that it was not liable to plaintiff on account of the condition of said load. The fourth contained an instruction that whatever defects existed in the coupling apparatus and whatever dangerous condition may have existed because of the timbers extending over the end of the flat car, were known to plaintiff before he received his injuries, and that he assumed the risk involved in such conditions, and the defendant was not liable therefor, and that the jury should not let such matters influence them in returning a verdict against the defendant.

There was no affirmative error in refusing either of these charges. There was but one ground of negligence submitted to the jury and that was the act of the engineer in moving the cars upon appellee while he was adjusting the coupler, without signal from him to do so, or of warning to him of the engineer's intention to so act, and the jury was pointedly told that the plaintiff could not recover unless they believed from the evidence that the engineer backed the cars upon plaintiff while he was between the ballast car and the last of the string, without signal to plaintiff, and that this was negligence on the part of the engineer which resulted in plaintiff's injuries.

The charges were correctly refused for the further reason that even had appellee known of each and all of the defects and dangers in the couplings and in the condition of the load on the flat car, and even if such defects and dangers had been concurring cause or causes of his injury, still he would be entitled to recover if in conjunction with said causes his injury was received as the result of the negligence of defendant in backing the cars without notice to appellee or signal from him to do so. Texas & N. O. Ry. v. Kelly, 98 Texas, 123.

The record discloses no reversible error, and the judgment of the court below must be affirmed.

*Affirmed.*

Writ of error refused.