MITCHELL et al. v. ROBINSON.†

(Court of Civil Appeals of Texas. March 10, 1911. Rehearing Denied April 6, 1911.)

1. DEEDS (§ 38*)—DESCRIPTION—SUFFICIENCY.

A deed executed in H. county, describing the land as beginning at the S. line where it strikes the railroad, "thence W. and cor. at a point where by turning N. and touching the line of the Nobles tract of land as will give him (the grantee), 160 acres of land, which is the quantity of land hereby sold, said tract being part of the N. half league of land on which the city of Houston is situated, which land belongs to me (grantor)," as per title of record in H. county, stated sufficient facts to identify the land and was therefore sufficient; parol evidence being admissible to apply the description to the property.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 38.*]

2. DEEDS (§ 38*)—DESCRIPTION—SUFFICIENCY.

A deed to certain land described as situated in the county of Harris, state of Texas, to wit: Out of the land conveyed by A. to the grantor and of 'Germantown and on the north side of Little White Oak bayou, "commencing at a white oak 12 in. in dia. mkd. X on the north line of 160 acre tract purchased from A., 30 rods, more or less, W. of the corner known as Sherman's corner. Thence S. 9 deg. W. 24

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

rods to the east bank of Little White Oak bayou to a line tree 4 in. in dia. mkd. X. Thence down said bayou to the N. W. corner of a 10 acre tract sold by the party of the first part to H. Behrens, a sweet bay tree mkd. X. Thence following the N. & E. boundary lines of said 10 acres to N. line of James Scott 500 acre tract, supposed to contain 50 acres," etc.—contained a sufficient description to identify the land, and was therefore sufficient.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 38.*]

**3. BOUNDARIES (§ 36*) — DESCRIPTION — EVIDENCE—FIELD NOTES.**

Field notes of a survey of land in controversy were admissible with other evidence to identify the lines and corners of the tract. conveyed and to remove any latent ambiguity that might arise in applying the description in the deed to the land on the ground.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 36.*]

**4. EVIDENCE (§ 353*)—DOCUMENTS—POWER OF ATTORNEY—LANGUAGE.**

It was no objection to the admission of a power of attorney to sell lands that it was in the German language, nor that it ran to "Julius Runge, Imperial German Consul for the State of Texas, at Galveston, or his representative or successor in office."

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 353.*]

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—CONSOLIDATION.**

Where assignments of error are attempted to be consolidated in appellant's brief without setting them out, they will not be considered under Court of Appeals Rule 29 (67 S. W. xv), providing that appellant or plaintiff in error shall file a brief of the points relied on in accordance with and confined to the distinct specifications of error, which assignments shall be copied in the brief, each ground of error being separately presented under the proper assignments, and that each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—FORM—PROPOSITIONS.**

An assignment of error without a subjoined proposition will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**7. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.**

Where an assignment complaining of the admission of a deposition was not followed by a statement showing what the deposition contained or the testimony objected to, the error would not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.**

Where an assignment to the admission of evidence was not followed by a statement showing the witness' answer to the question objected to or whether there was any answer, it would be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**9. TRIAL (§ 327*)—VERDICT—UNCERTAINTY.**

Where a suit was by R. as sole plaintiff, the addition of the words "et al." in addition to plaintiff's name in the verdict did not render it uncertain or defective.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 327.*]

**10. TRESPASS TO TRY TITLE (§ 46*)—VERDICT—EFFECT.**

Where the verdict in trespass to try title was in favor of plaintiff for all the land sued for, except a small piece referred to in the judge's charge, as to which the jury were instructed to find for defendants, the verdict would be construed as finding such part of the land for defendants, though the verdict did not specifically so state.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 46.*]

**11. APPEAL AND ERROR (§ 730*) — INSTRUCTIONS—REVIEW—RECORD.**

Where an assignment complained of a refusal to give a requested charge, but neither the charge nor its substance was set out in the assignment or in the statement, and it did not appear that there was any evidence which rendered the charge necessary, the assignment would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

**12. APPEAL AND ERROR (§ 701*)—REQUESTED CHARGE—REFUSAL—ASSIGNMENTS OF ERROR.**

An assignment complaining of error in the refusal of a requested charge presenting the defense of limitations would not be considered where it was not shown that there was any evidence presenting the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2934; Dec. Dig. § 701.*]

**13. DEEDS (§ 119*)—CONSTRUCTION—QUESTION FOR COURT OR JURY.**

In trespass to try title, the construction of a deed to determine whether it contained a sufficient description was a question for the court.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 342, 343; Dec. Dig. § 119.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Trespass to try title by J. F. Robinson against T. B. Mitchell and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Hardy & Roberts, for appellants. Sam, Bradley & Fogle, for appellee.

REESE, J. This is an action in trespass to try title by J. F. Robinson against T. B. Mitchell and others to recover a tract of 53.7 acres of land, with damages, alleging special damages of $1,000 for removing soil, etc. The defendants, Mitchell, Childress, and Parker, pleaded not guilty, and defendant Childress further pleaded title under the 10 years' limitations statute to an undivided one-fourth of the land. Defendant Reynolds, general denial and title under the 5 and 10 years' limitation statute as to one-fourth interest. Defendant O'Connor pleaded general denial and title by 10 years' limitation and by cross-action claimed title to the entire tract. J. E. Parker disclaimed, and defendant Gus Whatley, not served, was dismissed. Upon trial with a jury the court instructed the jury to return a verdict for plaintiff for all the land sued for except such portion in the northern part of the tract as should be found to be included in D. A. Reynolds' 3½-acre

homestead tract, and as to such portion to find for defendants. Upon the issue of damages the jury was instructed to find for the plaintiff against defendant Mitchell one-half of such sum as the jury might find to be the difference between the reasonable market value of the land before and after the removal of the dirt from the land. Upon this charge a verdict was returned for plaintiff for all of the land except a small parcel, describing it, and against Mitchell for $784 damages, upon which verdict judgment was rendered. From the judgment, a new trial having been refused, defendants appeal.

The undisputed evidence showed title in plaintiff to all the land sued for from the sovereignty; but the small parcel in the northern part of the tract had been occupied by defendants, or some of them for over 10 years, and as to this they showed title by limitation. The evidence was also sufficient to support the finding of the jury as to the damage to the land by removal of soil, etc., by defendant Mitchell and the amount of damage to the land thereby. Otherwise than as found by the jury as to the small parcel referred to, the evidence did not present the issue of limitation.

[1] Plaintiff introduced, as a part of his chain of title, a deed from W. T. Austin to J. F. Crawford in which the land conveyed is described as follows: "Beginning at Scott's line where it strikes the railroad; thence W. and cor. at a point where by turning N. and touching the line of the Nobles tract of land as will give him, the said Crawford, 160 acres of land, which is the quantity of land hereby sold, said tract is part of the N. half league of land upon which the city of Houston is situated, which land belongs to me as per title on record in Harris county."

This deed was objected to by defendants on the ground that it is void for want of proper description, in that it fails to describe the land with sufficient certainty to identify it. The objection was overruled, and defendants excepted, and the ruling of the court is made the ground for the first assignment of error.

The deed was executed in Harris county, and the land is stated to be a part of the north half of a league belonging to the grantor on which the city of Houston is located, and the tract is to contain 160 acres. The relative locations of the railroad, Scott's line, and the lines of the Nobles tract to each other, in connection with the amount of land conveyed, may be such as to enable the tract to be definitely identified. We cannot say that, from the face of the deed, it appears that the land cannot be identified. In Watson v. Baker, 71 Tex. 748, 9 S. W. 869, the court says: "As in all other contracts in writing, parol testimony cannot add to their terms, yet it can show the circumstances. It cannot make the contract for sale of land, but can apply a description to the property,

if such application can be made so that it be known that the particular object is found. Parol evidence cannot add to an imperfect contract a material part in order to sustain it, but it can apply a description in it to the subject." Kingston v. Pickins, 46 Tex. 101; Giddings v. Day, 84 Tex. 608, 19 S. W. 682; McWhirter v. Allen, 1 Tex. Civ. App. 649, 20 S. W. 1008; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 673.

[2] As the next link in his chain of title, appellee introduced in evidence a deed from J. F. Crawford to Joel Peoples of a tract of land (being the land sued for, and a part of the 160-acre tract conveyed by the foregoing deed) described as follows: "Situated in the county of Harris and state of Texas, to wit, out of the land conveyed by W. T. Austin to the party of the first part, and part of Germantown, and on the N. side of Little White Oak bayou. Commencing at a white oak 12 in. in dia. mkd. X on the north line of 160 acre tract purchased from W. T. Austin, 30 rods, more or less, W. of the corner known as Sherman's corner. Thence S. 9 deg. W. 24 rods to the east bank of little White Oak bayou to a line tree 4 in. in dia. mkd. X. Thence down said bayou to the N. W. corner of a 10 acre tract sold by the party of the first part to H. Behrens, a sweet bay tree mkd. X. Thence following the N. & E. boundary lines of said 10 acres to N. line of James Scott 500 acre tract, supposed to contain 50 acres, and it is further agreed that should said tract contain more than 50 acres, upon a survey thereof, the said Peoples agrees to pay for such excess $5.00 per acre."

The admission of this deed over appellant's objection that it was void for want of sufficient description is complained of by the second assignment of error.

This deed is intended to convey the land in controversy, which contained 53.7 acres, and was all of the 160 acres lying east of the lines set out in the deed. Upon the authorities cited above and many others establishing the same general rule for construction of deeds, we are of the opinion that the deed was properly admitted in evidence in connection with other evidence tending to show exactly and with certainty the land intended to be conveyed. This disposes also of the objection to the admission of the deed from Peoples to Peters of the same land, by the same description, as set out in the third assignment of error.

[3] The Stamm field notes were admissible along with other evidence to definitely identify the lines and corners of the 53 acres, and to remove any latent ambiguity which might arise when it was undertaken to apply the description in the deed to the land, on the ground. Appellants are in error in assuming that these field notes were those of the survey to be made of the 160 acres referred to in the deed from Austin to Crawford. They were the field notes of a survey

made in 1860 of the tract conveyed by Crawford to Peoples in 1855. The assignment of error complaining of the admission of these field notes is overruled. Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 673.

[4] There was no error in the admission in evidence over the objections made of the power of attorney from Liesegan to Julius Runge. There is no merit in the objection that the instrument was in the German language, nor that it ran to "Julius Runge, Imperial German Consul for the State of Texas, at Galveston, or his representative or successor in office." It was clearly the intention of the power that it should be executed by Julius Runge, or, if not executed by him while he filled the office of Imperial German Consul, that it should be executed by his successor in office. It was executed in Germany by citizens of that country, and it is clear that it was intended to confer the power to sell the land upon the person occupying the official position referred to, if not executed by the then consul. We can see no reason why this could not properly be done.

[5] Appellants attempt in their brief to consolidate assignments 26, 27, 28, 29, 30, and 31 without setting them out, calling these consolidated assignments No. 6. We are not required to consider assignments of error thus presented. Rule 29 (67 S. W. xv). It appears, however, that these assignments present the same objections to several powers of attorney as are referred to in the foregoing assignment, and they are without merit. Zimmerman, before whom one of the powers of attorney was acknowledged, signs the certificate as "Vice and Deputy Consul General at Berlin," without stating the country of which he is such officer; but in the body of the certificate he designates himself as Vice Consul General of the United States, which is sufficient designation of his official character.

The deed by the successor of Julius Runge as Imperial German Consul at Galveston, under the powers of attorneys referred to, was properly admitted.

[6] There is no proposition under the eighth assignment of error, nor is the assignment itself stated as a proposition. It could not properly be so stated. The assignment will not be considered. We can gather no idea from the brief as to the error complained of.

[7] There is no statement in the ninth assignment, complaining of the admission of the deposition of Mrs. Groll, nor in the statement subjoined, from which we can gather any idea as to what the deposition contained, or of the testimony objected to. The assignment is not so presented as to require consideration, and it will not be considered.

[8] For the same reason the tenth assignment of error will not be considered. What the answer of the witness was to the question asked, or whether there was any answer at all, does not appear from the assignment nor the statement.

[9] The eleventh assignment of error is without merit. The suit was by J. F. Robinson as sole plaintiff. The words "et al.," in addition to his name in the verdict, which is in favor of "J. F. Robinson, plaintiff, et al.," does not render the verdict uncertain or vitiate it in any way.

[10] The verdict was in favor of plaintiff for all the land except the small piece referred to in the judge's charge, as to which the jury was charged to find for the defendants. The jury did not specifically find for the defendants for this piece; but the result of the verdict, in the light of the charge, was to give this parcel to defendants. The objections to the verdict referred to in the twelfth assignment are not sound.

[11] The thirteenth assignment complains of the refusal to give a special charge requested by appellants. Neither the charge nor the substance thereof is to be gathered from the assignment, or the statement. It is not shown that there was any evidence which rendered the charge, whatever it was, either necessary or proper. The assignment will not be considered.

[12] The fourteenth assignment complains of the refusal of a requested charge presenting the defense of the 10 years' statute of limitation. The charge is set out in the assignment; but it is not made to appear that there was any evidence presenting the issue, in the absence of which we cannot say that the court erred in refusing the charge.

[13] By a requested charge appellants sought to have submitted to the jury the issue as to the sufficiency of the description in the deed from Crawford to Peoples to make it a valid conveyance. There was no error in the refusal to give the charge. The construction of the deed was a matter for the court.

The sixteenth, seventeenth, and eighteenth assignments of error relating to refused charges cannot be considered for the same reason, above given, that it is not shown that the evidence raised the issues referred to, in the entire absence of which we cannot say that the court erred in refusing to give the charges requested.

We have examined each of the several assignments of error which are so presented as to entitle them to consideration, and the several propositions thereunder. None of them presents any error requiring a reversal of the judgment.

We find no error in the record, and the judgment is affirmed.

Affirmed.