MITCHELL et al. v. ROBINSON et al.†

Court of Civil Appeals of Texas. Galveston. Nov. 13, 1913. Rehearing Denied Dec. 24, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.

Where assignments of error, complaining of the overruling of a special demurrer to that part of the answer which set up a judgment in bar, were not followed by propositions but were stated as propositions in themselves, and the statement merely referred to a bill of exceptions on a certain page of the record, and the part of the answer demurred to was not set out further than the statement that "the plea nowhere sets out any acts as a defense," such assignments, being violative of rules 30 and 31 of the Courts of Civil Appeals (142 S. W. xiii), prescribing the essentials of the brief, could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS AND STATEMENTS—RULING ON DEMURRER.

An assignment of error complaining of the overruling of a general demurrer to the answer, and stated as a proposition, and not supported by any statement other than a mere reference to a page of the bill of exceptions, could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error complaining of a refusal to quash a writ of sequestration and of a requirement to replevy, stated as a proposition and not followed by any further proposition as required by rule 30 of the Courts of Civil Appeals (142 S. W. xiii), and not supported by any statement other than a reference to a page of the bill of exceptions and a statement that "this bill of exceptions sustains the facts stated," could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. SEQUESTRATION (§ 17*)—REQUIREMENT TO REPLEVY—TRESPASS TO TRY TITLE.

Where a writ of sequestration was sued out on a cross-action setting up title to the entire tract and praying judgment therefor under the ordinary allegations of title in defendants and entry and ouster by plaintiffs, and to this cross-action plaintiffs pleaded not guilty, and the writ was levied on the entire tract, a ruling refusing to quash the writ and requiring plaintiffs to replevy the entire tract was not error, though they had sued for only one-half interest.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 35–37; Dec. Dig. § 17.*]

5. JUDGMENT (§ 693*)—MATTERS CONCLUDED—HUSBAND AND WIFE.

A judgment, in an action of trespass to try title to which the husband was a party, was conclusive on the wife as to their community property, though she was not a party thereto, where the wife had no defense growing out of or resting upon the fact that the property constituted their homestead.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Several assignments of error followed by a single proposition that the court erred in refusing to submit a certain issue, and supported by no statement other than a reference to a

certain page of the record for the bill of exceptions, could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. SEQUESTRATION (§ 16*)—PROPERTY REPLEVIED—JUDGMENT FOR RENT.

The court may properly adjudicate the question of rent of property or injury thereto after it has been sequestrated and replevied; the condition of the replevy bond in such case being, not for the return of the property, or its value, as in case of personalty, but that the party will not injure the property, and that he will pay the value of rents of same.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. § 16.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—EXCLUSION OF EVIDENCE.

An assignment of error complaining that the undisputed facts in the case proven "and offered to be proven" showed certain matters could not be considered where the statement did not attempt to set out or refer to any evidence to establish such matters.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

9. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—ABSTRACT PROPOSITIONS.

Mere statements of abstract propositions of law cannot be treated as assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

10. SEQUESTRATION (§ 20*)—PROPERTY REPLEVIED—LIABILITY FOR RENTS AND DAMAGES.

Where a wife, though not a party to a proceeding, joined with her husband in replevying property which had been sequestrated, and executed with him a joint bond claiming the property as her separate estate, she became bound for rents and damages to it while in their possession under the bond.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

11. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITIONS AND STATEMENTS.

An assignment of error complaining of the rendition of judgment for plaintiffs on the whole testimony in the case "and that wrongfully excluded," when stated as a proposition and the only supporting statement was "same as under prior propositions," could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

12. TRIAL (§ 112*)—ARGUMENT OF COUNSEL—LIMITING TIME.

Where the only issues presented to the jury were as to the rents and damages to sequestrated real property after execution of a replevin bond, and there were no questions of law to be argued to the jury, it was not an abuse of discretion for the court to limit the argument of counsel on each side to 30 minutes.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 273, 274; Dec. Dig. § 112.*]

13. TRIAL (§ 112*)—ARGUMENT OF COUNSEL—LIMITING TIME.

Press of court business will not authorize refusal of reasonable time to counsel for full presentation of issues of fact to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 273, 274; Dec. Dig. § 112.*]

14. APPEAL AND ERROR (§ 766*)—DEFECTIVE BRIEF—CURE BY PRINTED ARGUMENT.

Where a brief did not comply with the rules of briefing (rules 30 and 31 of the Courts of Civil Appeals [142 S. W. xiii]), but was defec-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† For opinion on motion for rehearing, see 132 S. W. 1172.

tive in respect to its propositions and statements, the defects could not be cured by the printed argument.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3101, 3126; Dec. Dig. § 766.*]

15. APPEAL AND ERROR (§ 756*) — ASSIGNMENTS OF ERROR—RULES OF BRIEFING—CONSTRUCTION OF STATUTE.

Acts 33d Leg. c. 136, amending Rev. Civ. St. 1911, art. 1612, which provides that an assignment of error shall be sufficient which directs the court's attention to the error complained of, does not detract from the force of the rules of briefing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. § 756.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Pearl M. Mitchell and her husband against J. F. Robinson and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Dowell & Dowell, of Houston, for appellants. Sam, Bradley & Fogle, of Houston, for appellees.

REESE, J. In most of its features, with the exception of questions growing out of the sequestration of the property involved by defendant Robinson and the replevy thereof by plaintiffs, and the matters of rents and damages claimed by defendant and claim for improvements made by plaintiffs, this case is identical in its facts with the case of Childress et al. v. Robinson et al., 161 S. W. 78, decided by this court a few days ago. It relates to the same tract of land. In this action Pearl M. Mitchell and her husband, T. B. Mitchell, sued J. F. Robinson in trespass to try title for an undivided three-fourths interest in the 53½ acres involved in the suit of Mitchell v. Robinson et al. (No. 43,570) 136 S. W. 501, in the district court of Harris county, and for which said Robinson had judgment against T. B. Mitchell, one of the plaintiffs herein, and the other defendants in that suit. This judgment was dated February 7, 1910. On July 1, 1911, the said J. F. Robinson sued out a writ of possession upon the aforesaid judgment against T. B. Mitchell and the other defendants, which was placed in the hands of A. R. Anderson, sheriff of Harris county. Thereupon the said Pearl M. Mitchell and her husband, the said T. B. Mitchell, instituted this action against J. F. Robinson, seeking, in form of an action of trespass to try title, to recover the undivided three-fourths of the said 53½ acres of land, joining the said Anderson, as sheriff, and seeking further to enjoin both defendants from attempting to enforce said writ of possession. The grounds for such relief urged in the petition are, as in the Childress Case, that the property is, and was at the date of the institution of the suit No. 43,570 and of the judgment herein, the homestead of the plaintiffs then and now husband and wife, and was also the separate estate of the said Pearl M. Mitchell, and that she was not a party to said suit and said judgment is not binding upon her. It was averred that plaintiffs were living upon said property and occupying and claiming the same as their homestead at the time of the institution of the said suit No. 43,570, and that the same was then and is now Mrs. Mitchell's separate property. Defendants answered by general demurrer and special exceptions which need not be set out, and also pleaded general denial and not guilty and pleaded in bar of the action the judgment in cause No. 43,570 aforesaid. Defendant Robinson also by way of cross-action set up his title under said judgment, and the possession and adverse claim by plaintiffs which were averred to be a cloud upon his title, and prayed for judgment establishing his title, etc. Under appropriate averments he sued out a writ of sequestration, under which the property was taken into possession by the officer, whereupon the same was replevied by plaintiffs, who executed a bond, in the form prescribed by the statute, with the General Bonding & Casualty Company as security. Replying to the answer and cross-bill of defendants by supplemental petition, plaintiffs demurred generally to the answer and specially excepted to the sufficiency of the plea of res adjudicata. Various objections were made to the writ of sequestration. Plaintiffs attempt by bill of exceptions to show that exceptions to the answer were presented and acted upon, but there is no judgment or order of the court showing such action.

In their petition plaintiffs also pleaded improvements in good faith made by them on the land prior to the institution of the suit No. 43,570; the several items thereof being set out, of the aggregate value of $750. In their supplemental petition plaintiffs state the value of said improvements as $670, and that they were placed upon the land when they first purchased the same in 1905. In the original answer and cross-action defendant Robinson, under appropriate allegations, sets up claim for rents and damages. The case was tried with a jury. The court did not submit the issue of title, but only those of rents and damages as claimed by defendant subsequent to the replevy of the property, instructing the jury that whatever title or interest plaintiffs have or had in the land was divested out of them and vested in defendant Robinson by the judgment in cause No. 43,-570. Upon the special findings of the jury as to the rents and damages in cutting trees and removal of dirt subsequent to the execution of the replevin bond, the court rendered judgment in favor of plaintiff Robinson for the land and against both of the plaintiffs and the General Bonding & Casualty Company, surety on the replevy bond, for the sum found by the jury as such rents and

damages. Plaintiffs filed a motion for a new trial, which was overruled, and they prosecute this appeal.

The only evidence of title introduced by appellants was the original grant to John Austin of two leagues of land, of which the tract in controversy is a part, dated 1828, and a deed from D. A. Reynolds to G. D. Childress and T. B. Mitchell for the land in controversy, dated November 19, 1909. It was shown that appellants were married in 1902 and that they were residing on the land in controversy at the time of the institution of the suits of appellee Robinson against Mitchell, Childress, and others. The judgment in cause No. 43,570, Mitchell v. Robinson et al., was introduced in evidence, which shows that on January 7, 1910, J. F. Robinson recovered a judgment in the district court of Harris county against T. B. Mitchell, D. A. Reynolds, G. D. Childress, L. J. O'Connor, J. E. Parker, and J. A. Parker for the title and possession of the tract of land in controversy, less a small triangular tract of about one acre, the title of which was established in Mitchell, Childress, and Reynolds. Robinson also recovered judgment against T. B. Mitchell for $784 for rents and damages. The defendants appealed from said judgment, and on appeal the judgment was affirmed by this court. 136 S. W. 501. Much evidence was introduced on the questions of rents and damages from and after September 11, 1911, being the date on which appellants replevied the property. It is sufficient to say that the evidence is sufficient on these points to support the findings of the jury, in their answer to the questions propounded to them by the court as special issues. The papers in the sequestration proceeding were introduced in evidence, which showed writ of sequestration issued on August 22, 1911, and replevy bond executed —— day of ——, 1911, by T. B. Mitchell and Pearl M. Mitchell as principals, and the General Bonding & Casualty Company as surety, in the sum of $5,000, conditioned that "Pearl M. Mitchell and T. B. Mitchell will not injure said property, and that they will pay the value of the rents of the same in case they shall be condemned to do so." The foregoing are all of the material facts shown by the evidence, as set out in the statement of facts.

What is said in the case of Callie Childress v. J. R. Robinson, referred to in the beginning of this opinion, with regard to the assignments of error, apply to the brief of appellants in the present case. The same objections to consideration of the assignments are made and insisted on by appellees as were made in the case referred to.

[1] The second and third assignments of error complain of the ruling of the court in overruling the first special demurrer to that part of the answer of appellees which sets up in bar of this action the judgment in cause No. 43,570. The assignments set out the special exception, but the statement merely refers to a bill of exceptions on page 46 of the record. That part of the answer referred to is not set out, or attempted to be set out, either in form or substance, further than the statement that "the plea nowhere sets out any acts as a defense of plaintiffs' cause of action." Neither assignment is followed by a proposition, but both are stated as propositions in themselves. The assignments violate both rules 30 and 31 (142 S. W. xiii) and are not entitled to consideration, especially in view of the objections insisted on by appellees. Autrey v. Linn, 138 S. W. 197; T. & N. O. R. R. Co. v. Powell, 51 Tex. Civ. App. 409, 112 S. W. 697; Colorado Canal Co. v. McFarland & Southwell, 50 Tex. Civ. App. 92, 109 S. W. 435. Cases almost without number might be cited from the Supreme Court and the several Courts of Civil Appeals in support of the proposition stated.

[2] The first assignment of error complains of the action of the court in overruling the general demurrer to the answer of defendants. It is stated as a proposition and is not followed by any further proposition. The only statement is: "See bill of exceptions No. 1, R. P. 43." The assignment manifestly is not entitled to be considered. If considered it would be overruled, as the answer to which the general demurrer is addressed contains, among other allegations, a general denial and plea of not guilty.

The fourth assignment is subject to the same objections stated to the second and third assignments.

[3, 4] The fifth assignment of error is addressed to the ruling of the court in refusing to quash the writ of sequestration on motion of appellants and in requiring appellants to replevy the whole tract when they had sued for only one-half interest. The assignment is stated as a proposition and is not followed by any further proposition. It is not a proposition as referred to in rule 30. The statement is in full as follows: "See bill of exceptions No. 5, R. P. 52. This bill of exceptions sustains the facts stated." The bill of exceptions contains ten grounds upon which it is urged that the writ of sequestration should be quashed. The assignment cannot be considered. In this connection we will state that the writ of sequestration was sued out on appellees' cross-action setting up title to the entire tract and praying judgment therefor, under the ordinary allegations of title in appellee and entry and ouster by appellants. To this cross-action, after numerous general and special exceptions, appellants pleaded not guilty. The writ was levied upon the entire tract, and appellants replevied the entire tract. The assignment would be, as to the main objection attempted to be made to the writ, without merit.

[5] The sixth assignment is stated as a proposition and is not followed by any fur-

ther proposition. It is not such a proposition as is required by rule 30. The statement is not sufficient. The assignment, so far as we can gather, complains of the charge in that it fails to submit to the jury the issue resting upon the plea of res adjudicata. The undisputed evidence showed that the judgment in cause No. 43,570 was binding upon both defendants and divested out of both of them and vested in the appellee Robinson the title to the land. The deed introduced in evidence from Reynolds to T. B. Mitchell, under the undisputed facts in the record, placed the title in Mitchell as community property of himself and his wife. The evidence was sufficient to show that it was their community homestead at the dates of the institution of the suit and the recovery of the judgment in cause No. 43,570. T. B. Mitchell was regularly made a party to that suit and appeared and answered. Mrs. Pearl M. Mitchell was not made a party. Under these undisputed facts it followed, as a legal result, that the judgment bound both husband and wife. It is not pretended that the wife had any defense to the action growing out of or resting upon the fact that it was their homestead. See opinion in Callie Childress et al. v. J. F. Robinson et al., referred to supra; Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 496; Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225; Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23; Breath v. Flowers, 43 Tex. Civ. App. 516, 95 S. W. 26; Central Coal & Coke Co. v. Henry, 47 S. W. 281; Speer on Law of Married Women, § 295. This being the legal effect of the undisputed evidence, there was no issue of fact to be submitted to the jury, so far as this point is concerned, and the court acted correctly in not submitting such issue but instead declaring the law upon the undisputed facts. So that, if the assignment had been properly presented in the brief, it could not be sustained.

[6] The seventh assignment of error complains of the failure of the court "to submit to the jury the question of the value of improvements made on the land since the institution of this suit or for any improvements, although the undisputed evidence showed that the plaintiff had, since the institution of this suit and prior thereto, made improvements to the value of $670, as appears by bill of exceptions No. 6." This assignment is stated in connection with the eighth assignment, which complains of the exclusion of the evidence of T. B. Mitchell as to the character and value of the improvements made on this land prior to this suit; the same not being an issue in cause No. 43,570, as appears by bill of exceptions No. 6a. These assignments are followed by the single proposition that "The court erred in refusing to submit to the jury the plea of improvements in good faith made by plaintiff on the land and in ruling it out as an issue in the case." We copy the statement under both assignments and the proposition: "See charge of the court, ante. See bill of exceptions No. 6, R. P. 60. See bill of exceptions No. 6a, R. P." There is no bill of exceptions 6a. The bill of exceptions referred to in the seventh assignment has nothing to do with the matter stated in the assignment but is entirely foreign to it. Neither of the assignments nor the proposition can properly be considered.

[7] Under the ninth, tenth, and eighteenth assignments of error appellants attempt to present the general proposition that, when real property is sequestrated and replevied, the court could not properly adjudicate the question of rent of the property or injury thereto after it had been so replevied, but that, after the property is replevied, the suit ceases to be a suit for the land and becomes an action on the bond for the value of the land, and further that, in case of a judgment against the party replevying the land, he can satisfy the same by paying the value of the land, or by returning it to the sheriff and paying damages for injury thereto, to be assessed by the sheriff. In other words, appellants' contention is that the provisions of the statute with regard to the sequestration and replevy of personal property apply also to real property in such case. Article 4875 (Sayles Civil Statutes), when read in connection with article 4874, affords a sufficient answer to this contention, if any answer were needed. The conditions of the replevy bonds in the two cases are entirely different. In case of levy of sequestration on land, the condition is not for a return of the property or payment of its value, etc., but that the party "will not injure the property, and that he will pay the value of the rents of the same, in case he shall be condemned to do so." There is no merit in the assignments. We have considered these assignments, although the statements under the propositions are not sufficient to require such consideration, because the assignments and propositions themselves disclose sufficiently the question attempted to be presented.

The eleventh assignment attempts to present the proposition that the judgment in the case No. 43,570 is not binding upon Mrs. Mitchell because she was not a party to the suit and the property was her homestead. The statement does not attempt to set out any of the evidence in the record to support the claim that the property was the homestead of Mitchell and his wife at the time of the institution of the suit, and the rendition of the judgment, but this, as we gather, seems to be conceded. The assignment has no merit. See authorites cited ante.

[8] The twelfth assignment presents the same contention on the ground that "the undisputed facts in the case proven and offer-

ed to be proven" showed that the property was the separate estate of Mrs. Mitchell at the time of the institution of said suit and the rendition of the judgment. The statement does not attempt to set out or to refer to any evidence to establish the fact assumed as a basis of the assignment. The assignment cannot be considered. On its face it is not sound, as this court cannot consider facts "offered to be proven" merely, but which were excluded, except in passing upon proper bills of exceptions to its exclusion. Such evidence, even when erroneously excluded, cannot properly afford a basis for a judgment on the merits. What we have said applies also to the thirteenth assignment.

[9] The fourteenth and fifteenth assignments are not assignments of error to any action of the court but mere statements of abstract propositions of law and cannot be treated as assignments. Added to this is the vice that they are not followed by any statement.

[10] The proposition embodied in the sixteenth assignment is not sound. Mrs. Mitchell, having joined with her husband in replevying the property and executed with him a joint bond, the property being claimed by her as her separate estate, became bound for rents and damages to the property while in their possession under the bond. Wandelohr v. Grayson County Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046. The writ of sequestration was issued upon appellee's cross-action in which he claimed the entire property, to which appellants pleaded not guilty, and they replevied and kept possession under their bond of the entire property.

The twentieth, twenty-first, twenty-second, and twenty-third assignments of error are addressed to the alleged error of the court in excluding certain testimony offered by appellants. Each assignment is stated as a proposition and is not followed by any further proposition. The only statement under either is a reference to a bill of exceptions, giving the page of the record. Neither assignment is properly a proposition under rule 30, nor are the statements sufficient under rule 31. Appellees object to the consideration of the assignments on this ground. Neither of them can be considered. From the bare reading of the assignments, however, we are of the opinion that neither of them has any merit or could be sustained if properly presented.

[11] The twenty-fourth assignment of error complains of the error of the court in not giving judgment for plaintiffs for the land sued for "on the whole testimony in the case, that which was admitted and that wrongfully excluded." This is stated as a proposition. The statement is: "Same as under prior propositions, ante." A second proposition under the assignment is in substance that no personal judgment for money could have been rendered against T. B. Mitchell, followed by the same statement: "Same as under former propositions." The assignment cannot be considered. But it is unsound on its face. The excluded testimony could not have been considered by the trial court or by this court as the basis of the judgment. The second proposition is not germane to the assignment.

[12] Appellants complain, by the twenty-fifth assignment of error, that the court limited their counsel to 30 minutes in argument to the jury, and that this was an abuse of the court's discretion and practically a denial of the right of argument. The only issues presented to the jury were as to the rents and damages to the property after the execution of the replevin bond by appellants. There were no questions of law to be argued to the jury. The testimony on the issues of fact is not voluminous. Upon the whole we are not inclined to say that the action of the court in imposing the limit of 30 minutes was such an abuse of the court's discretion as to require a reversal of the judgment. An examination of the testimony upon these issues of fact submitted to the jury, which we have made in making up our conclusions of fact, shows that there was very little conflict, and very little by way of argument to the jury was really necessary. But the limit imposed comes perilously near being an abuse of the court's discretion.

[13] Press of business in the court cannot properly be made a ground for refusal to any lawyer of reasonable time and opportunity for a full presentation of the issues of fact to the jury, in his own way. In the case of Cooper v. Robischung, 155 S. W. 1050, decided by this court in March, 1913, the judgment was reversed partly on this ground, and, if the facts were the same, we would make the same ruling in the present case. We do not do so because upon the facts in the record we are not able to say that the action of the trial court constituted such an abuse of his discretion as to require such a drastic remedy as a reversal of a judgment which appears to us upon the whole record to be a proper one.

[14] The defects pointed out in the brief cannot be cured by the printed argument. The printed argument was filed only three days before the submission of the case, but, even if it had been filed with the brief, it cannot be looked to in determining whether the assignments in the brief comply with the rules for briefing. But, if it could, the printed argument in this case does not remedy the defects pointed out.

[15] The act of the Thirty-Third Legislature (chapter 136, p. 276, art. 1612, R. S.), which provides that an assignment of error "shall be sufficient which directs the attention of the court to the error complained of," does not help appellants. This act was never intended to abrogate the rules referred to. Conn v. Rosamond, 161 S. W. 73; Childress v. Robinson, 161 S. W. 78, both decided by

this court at the present term. In justice to appellee, and in view of the plain provisions of the rules referred to and the uniform practice in this and other Courts of Civil Appeals, we do not feel at liberty to take any other course than we have done.

We have studied this record carefully, notwithstanding defects in the brief, and our conclusion is that judgment should be affirmed, and it has been so ordered.

Affirmed.