**TROUT et ux. v. GRUBBS et ux.** (No. 2055.)

Court of Civil Appeals of Texas. El Paso. Jan. 12, 1928.

**1. Appeal and error ⬡⇒500(2)—Record not showing ruling on exception questioning sufficiency of description of disputed land in petition, defendants could not complain of petition, where description did not present fundamental error.**

Where record did not show that trial court made ruling on defendant's exception, questioning sufficiency of description of strip of land in petition in suit of trespass to try title, defendants could not complain of petition on appeal for want of sufficient description, where description was not such as to present fundamental error.

**2. Boundaries ⬡⇒48(5)—What former owner of plaintiffs' and defendants' lots regarded as to fence being boundary line did not bind plaintiff in absence of agreement.**

What former owner of plaintiffs' and defendants' adjoining lots regarded as to fence being boundary line between the two lots, where he sold both plaintiffs and defendants lots 50 feet wide, did not bind plaintiff, in absence of agreement to that effect.

**3. Deeds ⬡⇒38(1)—Judgment ⬡⇒226—Office of description in deed, judgment, or other writing is to furnish means of identification of land.**

Office of description in a deed, judgment, or other writing is to furnish means of identification of the land.

**4. Trespass to try title ⬡⇒41(1)—In trespass to try title, plaintiff claiming defendants' driveway and garage encroached on his lot, evidence sustained judgment for plaintiff.**

In suit in form of trespass to try title, in which plaintiffs alleged that defendants, adjoining owners, unlawfully took possession of strip of their lot and built driveway and garage covering narrow strip, in which defendants claimed fence was boundary, and that, believing they had good title, they made valuable improvements in putting in cement driveway and garage, evidence *held* sufficient to sustain judgment for plaintiffs.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit in form of trespass to try title by C. S. Grubbs and wife against George Trout and wife. From a judgment for plaintiffs, defendants appeal. Affirmed.

Rosser Thomas, of Dallas, for appellants.
Currie McCutcheon, of Dallas, for appellees.

WALTHALL, J. Appellees, C. S. Grubbs and wife, brought this suit in the form of trespass to try title, against appellants, George Trout and wife. Without stating the petition at length, it shows that appellees own lot 8 in block 10 of J. M. Browder's

Providence addition to the city of Dallas, and that appellants own lot 9 in the same block and addition, and adjoining appellees' lot. Each of said lots are 50 feet in width, running parallel with each other and of the same length. Appellees allege that appellants unlawfully took possession of a strip of their lot on the south side, varying in width from 7 inches in the front of the lot to 15 inches 20 feet back from the front of the lot, and 4 inches at 100 feet from the front of the lot to nothing at the back of the lot, and built on their lot 9 a driveway and garage so that said driveway and garage occupy and cover said strip, a part of appellees' lot 8. They pray that they have judgment for the title and possession of lot 8 in its entirety.

Appellants answered by exception to the petition, suggesting that the description of the land sued for is too vague and uncertain and fails to give appellants notice of the metes and bounds and extent of the land claimed. Appellants further plead not guilty as to the wrongs and trespasses complained of. They further plead that they were in peaceable and adverse possession, under regular chain of title of the premises claimed in good faith for more than one year prior to the commencement of the suit, and had reason to believe and did believe that they had good title to said premises, and that, relying thereon, they made valuable improvements in putting a cement driveway and a garage on said premises of the value of $100. Appellants further plead that prior to the filing of the suit appellants and appellees agreed upon the division line between their respective properties, and that appellees are now estopped to claim any part of the land in controversy.

The case was tried without a jury; the evidence was heard, and judgment rendered for appellees.

[1] The petition sufficiently describes the property involved by lot and block numbers, the addition to the city of Dallas in which it is located, and refers to the official map of the addition and the strip of ground involved. At any rate the record does not show that the trial court made any ruling on the exception questioning the sufficiency of the description of the strip of ground, and appellants are not in a position to complain here of the petition for want of sufficient description. The description of the lot is not such as to present fundamental error.

Appellants insist that the judgment is contrary to the undisputed evidence, and quote in their brief a statement made by W. A. Thomas, the former owner of the two lots, 8 and 9. Thomas testified:

"I had a fence built on the line between those two lots. The fence was the recognized line between those two lots at the time I owned them both and at the time I sold the lot to

Grubbs I put the fence on the line. I built that fence on a straight continuous line with the 30 feet of fence that is still there. I had no trouble with Mr. Grubbs about the line at all. I do not think a continuation of the line where the fence is now and the line where the fence was to Peak street would anywhere touch the concrete runner that is there now. The fence is about 8 or 10 inches from the Trout garage."

Appellants also quote a statement from the testimony of C. S. Grubbs, one of appellees, as follows:

"When I bought the place from Mr. Thomas we called that the line, that 90 feet of fence."

Appellants insist that "there is no evidence in the record to justify a finding that the fence line ran into the Trout garage."

Thomas and Grubbs no doubt thought the fence was on the line. Thomas, however, sold Grubbs lot No. 8 with 50 feet front running back between parallel lines to alley. He likewise sold Trout lot No. 9, with 50 feet front and running back between parrallel lines to alley.

[2] There is no evidence in the record to indicate that the lot Thomas sold to Grubbs was with reference to the fence as the boundary line between lots 8 and 9. What Thomas regarded as to the fence being the boundary line between the two lots would not bind Grubbs, in the absence of an agreement to that effect. However, before the suit was filed and during the controversy as to the location of the boundary line between the lots 8 and 9, Grubbs had John R. West, Jr., a civil engineer, and at that time the county surveyor of Dallas county, make a survey and location of the boundary line between lots 8 and 9. The attorneys for the respective sides were present when the division line was located by West. The evidence is too lengthy to quote here. Suffice it to say that said survey discloses that Trout's driveway to his garage and the garage encroach on Grubbs' lot as stated in the judgment. The actual survey made by West makes it clear that the fence referred to by Thomas is on the correct line only at the alley, and, as West testified:

It "veers off and encroaches on lot 8 until it gets close to the garage and the garage is 2 or 3 or 4 inches over on the lot 8, the Peak street end of the garage. It goes about 75 or 80 feet from the alley before it gets 4 inches over on lot 8, at a point about 75 or 80 feet from the alley the garage is 4 inches over on lot 8. There is a cement strip that runs from the street back to the garage on lot 9. There is a curve in that strip. Looking northeast, the strip bends out to the left and verges on lot 8 from a point 20 feet from Peak street. * * * After giving plaintiff what he claims, defendant still has 50 feet, and the plaintiff did not have 50 feet unless he gets what he claims."

The measurement by steel tapeline shows the exact distance and the encroachment the garage, the fence, and the concrete runners make on lot 8. These are the objects referred to in the petition:

C. S. Grubbs testified:

Was present when West made the measurements; said: "I saw the measurements made with the tapeline and Mr. McCutcheon wrote down the measurements. * * * The driveway encroached on my lot a little over 7 inches on the front at Peak street, I think we called it 7 inches; and 20 feet from the front it encroached 15½ inches by measurements, and we called it 15 inches; 75 feet from the back end of the lot it shows the garage (Trout's) about 4 inches over on my side of the line, * * * that is the front end of the garage toward Peak street. * * * The figures that Mr. McCutcheon put down there were correct; I saw the measurements made and saw him put down the figures."

[3] The office of description in a deed, judgment, or other writing is to furnish means of identification of the land. Diffie v. White (Tex. Civ. App.) 184 S. W. 1065; Mitchell v. Robinson (Tex. Civ. App.) 136 S. W. 501; McDonald v. Hanks, 52 Tex. Civ. App. 140, 113 S. W. 604; 18 C. J. at p. 180, § 62, where it is said that a conveyance is good if the description can be made certain within the terms of the instrument. The judgment would sustain a plea of res adjudicata in a subsequent suit between the same parties involving the same subject-matter; it determines the matter at issue.

It was agreed that W. S. Thomas was the common source of title to each of lots 8 and 9 and that appellees and appellants, respectively, own lots 8 and 9.

[4] We have carefully reviewed the evidence on the issue of improvements made in good faith. The evidence is sufficient to sustain the judgment of the court. The evidence is wholly lacking as to the cost of or the material of which the garage is built, the cost of moving the garage over the line on to lot 9, if it can be moved, and, as to the building of the cement strip, the evidence discloses that Trout was informed when it was made that it was over his line. The whole suit presents a fact case.

Finding no reversible error, the case is affirmed.

Affirmed.