

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

September 27, 1947

Hon. D. Richard Voges    Opinion No. V-391
County Attorney
Wilson County           Re:  Authority of a Commis-
Floresville, Texas           sioners' Court to create
                             a road district embracing
                             all of a Commissioner's
                             Precinct which includes
                             three established road
                             districts with outstand-
                             ing bonded indebtedness.

Dear Mr. Voges:

Your recent request for an opinion of this Department is substantially as follows:

"County Commissioners Precinct No. 2, of Wilson County, Texas  has within its boundaries three established Road Districts, with bonded indebtedness outstanding.

"It is the desire of the citizens of said Commissioners Precinct to have established within its boundary one New Road District including the entire Commissioners Precinct, for the purpose of purchasing all existing highways and turnpikes and of further constructing macadamized, graveled or paved roads and turnpikes."

The authority for the creation of such a district is set forth in Article 752c of Vernon's Civil Statutes which is as follows:

"The County Commissioners' Courts of the several counties of this State may hereafter establish one or more road districts in their respective counties, and may or may not include within the boundaries and limits of such districts, villages, towns and municipal corporations, or any portion thereof, and may or may not include previously created road districts and political subdivisions or precincts that have

voted and issued road bonds pursuant to Section 52 of Article 3, of the Constitution, by entering an order declaring such road district established and defining the boundaries thereof. . . ."

Article 752cc, V.C.S., reads, in part, as follows:

". . . but except as herein specifically permitted, no fractional part of a previously created road district shall be included within the limits of the road district created under the provision of this Act, . . ."

Article 767d of the Revised Civil Statutes is as follows:

"Where any road district created under the provisions of this Act includes within its limits any previously created road district, or any political subdivision or precinct, having at such time road bond debts outstanding, such included district or subdivision shall be fully and fairly compensated by the new district in an amount equal to the amount of the bonds outstanding against such included subdivisions or district, and which shall be done in the form and manner prescribed for the issuance of county bonds under Sections 25 to 27, inclusive, of this Act, except the petition shall be signed by fifty or a majority of the resident property taxpaying voters of the new district, and the bonds proposed to be issued shall be for the purchase or construction of roads in the included subdivisions or districts and the further construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof."

It will be noted that the above mentioned Article contemplates that such previously created road districts shall be fully compensated by the new district in an amount equal to the amount of bonds outstanding against such included districts.

In the case of San Antonio & A.P. Ry. Co. vs. State, 95 S.W. (2d) 680 (Com. App.) the Court stated as follows:

"Sec. 28 (Vernon's Ann. Civ. St. art. 767d) in connection with sections 25 to 27 (Vernon's Ann. Civ. St. arts 767a-767c), of said act provides that where any road district created under the provisions of said act includes one previously created and having road bonds outstanding, such included district shall be fully and fairly compensated by the new district in this manner: An even exchange made with the holders of the outstanding bonds, and if this cannot be done, then an equal amount of the new bonds marked 'non-negotiable' shall be deposited with the county treasurer for the credit of the interest and sinking fund as a guarantee for the payment of such outstanding bonds that have not been exchanged, after which no levy shall be made under the original bond issue, but in lieu thereof from the taxes collected on the new bond issue shall be passed to the credit of such included district the necessary sums (interest and sinking fund as so collected) to be used to pay in full the outstanding bonds thereof. Section 27 of the act (Vernon's Ann. Civ. St. art. 767c) requires all such new bonds to be issued in similar denominations, bearing the same rate of interest, having the same dates of maturity, the intent being that they shall be bonds of the new district instead of bonds of the included districts and be dated after the date of the election at which they were authorized."

Inasmuch as Article 752c provides the manner in which a Commissioners' Court may establish road districts, the area of which will include other road districts previously created which have voted and issued road bonds pursuant to Section 52 of Article III of the Constitution, it is our opinion that you are correct in your statement that Article 767a is controlling with reference to the handling of new bonds since it and subsequent Articles are commonly referred to as the Compensation Bond Title.

Therefore, it is the opinion of this Department that under Articles 752c and 752cc a commissioner's precinct, which includes within its boundaries a previously created road district with bonds outstanding, may be incorporated into a road district if, and only if, compensation bonds are voted and authorized in conformity with the provisions of the Compensation Bond Title. Article 767a, et seq.

## SUMMARY

A commissioner's precinct, which has within its boundaries established road districts with outstanding bonds, may not be incorporated into a road district unless compensation bonds are voted and authorized in conformity with the Compensation Bond Title. Articles 752c, 752cc, 767a, et seq.; San Antonio & A.P. Ry Co. v. State, 97 S.W. (2d) 680.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:djm

APPROVED:

ATTORNEY GENERAL